FIRST NATIONAL BANK OF BRUNSWICK *et al.*, *Appellants*, v. WOOD.

### Division One, July 9, 1894.

1. **Appellate Practice:** NEW TRIAL. Where the trial court grants a new trial and the losing party on the motion appeals from such action of the court, the ruling will be affirmed by the supreme court if the awarding of the new trial can be sustained on any of the grounds set forth in the motion (*Hewitt v. Steele,* 118 Mo. 463).

2. **Practice :** NEW TRIALS: WEIGHT OF EVIDENCE. It is the duty of the trial court to supervise verdicts and to award new trials where the verdict is against the weight of the evidence.

3. **Appellate Practice:** NEW TRIALS: WEIGHT OF EVIDENCE. The supreme court, however, will not, where there is substantial conflict in the evidence, review the action of the trial court in granting a new trial because the verdict is against the weight of the evidence.

4. **Replevin:** PRIMA FACIE CASE: BURDEN OF PROOF. Where the plaintiff in a replevin suit shows *prima facie* title to the cattle in controversy, the burden is on the defendant to show that the cattle described in the mortgage under which he claims, are the same as those claimed by plaintiff.

Bank v. Wood.

*Appeal from Linn Circuit Court.*—HON. G. D. BUR-
GESS Judge.

AFFIRMED.

*Charles Hammond* and *A. W. Mullins* for appellants.

(1) The verdict is fully sustained by the evidence. (2) Plaintiff's instruction number 2 correctly stated the law. Jones on Chattel Mortgages, sec. 56; *Stonebraker v. Ford*, 81 Mo. 532; *Chandler v. West*, 37 Mo. App. 635. (3) Besides, defendant's second instruction presented the same theory of the case as did plaintiffs' second one and the defendant can not now complain of error in plaintiffs' instructions. *Holmes v. Braidwood*, 82 Mo. 610; *Whetstone v. Shaw*, 70 Mo. 575; *Walker v. Owen*, 79 Mo. 563. (4) Plaintiffs' instructions numbers 3 and 4 were properly given and the court erred in sustaining defendant's motion for a new trial, on the ground that they were erroneous. 20 Am. and Eng. Encyclopedia of Law, 1055; 2 Greenl. on Evidence, sec. 564; Wells on Replevin, sec. 21; *Ingersoll v. Emerson*, 1 Ind. 76; *Rogers v. Arnold*, 12 Wend. 30; *Knox v. Hellums*, 38 Ark. 413. (5) The court committed no error in refusing to give the defendant's sixth and seventh instructions.

*O. F. Libby, C. C. Bigger* and *H. Lander* for respondent.

(1) All presumptions are in favor of action of the trial court. (2) The appellate court will not interfere with the trial court's discretion in granting a new trial, unless it clearly appears that his discretion has been abused. *Huckshold v. Railroad*, 90 Mo. 548; *Bank v. Armstrong*, 92 Mo. 265; *Cook v. Railroad*, 56 Mo. 384;

*Stephens v. City*, 83 Mo. 345. (3) The burden of proof was on the plaintiff to identify the property and could not be shifted so as to place it on the defendant in an action of this kind, and the trial court can not select any particular part of the evidence and tell the jury that this or that makes a *prima facie* case for either party, and thereby change the burden of proof from one side to the other. 2 Am. and Eng. Encyclopedia of Law p. 649, note 3; 2 Greenleaf on Evidence, sec. 563. (4) The burden of proving the identity of the property was on the plaintiff, consequently instructions numbers 2, 3 and 4 given on behalf of plaintiff were error and the court committed no error in granting respondent a new trial. *Gray v. Parkes*, 38 Mo. 160; *Kaufman v. Shilling*, 58 Mo. 218; *Goff v. Belché*, 62 Mo. 400. (5) In replevin plaintiff must recover upon his own right to immediate and exclusive possesion. *Flemming v. Clark*, 22 Mo. App. 218; *Cross v. Hulet*, 53 Mo. 397; *Gantside v. Nixon*, 43 Mo. 138.

MACFARLANE, J.—This is an action under the statutes to recover possession of one hundred head of two year old steers branded with the letter "H" mostly on the right hip. Under a writ of delivery the cattle were taken from defendant, and delivered to plaintiffs, and the issue in the case is as to which of the parties is entitled to the possession. Each party claims under a chattel mortgage from J. W. Hogsett, the original owner.

Plaintiffs claim under a mortgage dated September 30, 1891, which describes the cattle as "three hundred head of two year old steers branded with the letter 'H' on the right hip, the said three hundred steers being all the two year old steers now owned by said Hogsett and now in his possession."

Defendant claims as purchaser under a mortgage of the said Hogsett to the Farmers' Bank of Laclede, dated

the twenty-first day of March, 1891.   This mortgage described the cattle as "one hundred head of two year old steers of various colors, branded with the letter 'H' on the right hip."   Defendant also claimed title under an alleged compromise of the conflicting claim of the parties.

The evidence shows that during the year 1891 the said Hogsett, who was a large dealer in cattle, failed, owing the plaintiff bank about $14,500; the Farmers Bank of Laclede about $8,000; and two other banks smaller sums.   He was at the same time the owner of six or seven hundred head of cattle, between two and three hundred of which were two years old and branded on the right hip with the letter "H."   The remaining cattle were one and three years old.   By agreement of the creditors, the cattle were placed in the hands of a committee composed of three men who were authorized to feed and care for them, and, when authorized by a majority of said four creditors, to sell them.

In the spring of 1892 some member of the committee turned over to the first mortgagee, the Farmers' Bank of Laclede, two hundred and fourteen head of the two year old cattle, and said bank claiming authority under its mortgage, and without consulting the other creditors, but with the consent of Hogsett, sold one hundred of them to defendant Wood.   These are the cattle in dispute.   Soon thereafter plaintiff bank demanded the other one hundred and fourteen head, and, upon paying the feed bill, they were turned over to it.   Defendant claims that these one hundred and fourteen head were delivered to plaintiff bank under an agreement that no claim would be made by it for the hundred head sold to defendant.   Plaintiff denied any such agreement.

On the trial plaintiff read its mortgage and proved

without conflict that the cattle in dispute were a part of the cattle included in the mortgage.

Defendant read in evidence the mortgage to the Farmers' Bank of Laclede, proved his purchase from the mortgagee, the consent of Hogsett to the sale, and offered evidence tending to prove the identity of the cattle in question, with those described in the mortgage to the said Farmers' Bank; and evidence tending to prove the alleged compromise. Plaintiff offered evidence in rebuttal.

The issues were submitted to the jury on instructions and a verdict was returned for plaintiff. A motion for a new trial was filed by defendant, assigning a number of grounds therefor, the first of which was that the verdict was against the weight of the evidence, and second, that the verdict was against the law as declared by the court and the evidence in the case. The other grounds were for alleged errors in giving and refusing instructions and in admitting evidence. This motion was sustained by the court, no reasons being given therefor. From the order granting the new trial plaintiff appealed.

1. In *Hewitt v. Steele*, 118 Mo. 463, it was held that "if the action of the court in granting the new trial can be sustained upon any ground set forth in the motion for that purpose, that it is our duty to do so." Circuit courts have large discretion in the matter of granting new trials, particularly upon the ground that the verdict is against the weight of evidence. This court has often ruled that, in law cases, where there is a conflict in the evidence, it would not review it and determine its weight, and it has as often declared it to be not only the right, but the duty of circuit courts to supervise the verdicts of juries and grant new trials, if the verdict is, in their opinion, against the weight of evidence. When there is a substantial conflict in the

evidence we should no more interfere with the action of the circuit court in granting a new trial than we should, in such case, interfere with the verdict which has been approved by that court.

It is settled law in this state "that the granting or refusing of new trials, on the ground that the verdict is against the weight of evidence, rests peculiarly with the judge presiding at the trial, and that his discretion in this particular will rarely be interfered with, unless it plainly appears that injustice has been done, or that it has been unsoundly or arbitrarily exercised." See *Iron Mountain Bank v. Armstrong*, 92 Mo. 280, and cases cited.

There was some conflict in the evidence in this case, particularly on the question of the alleged compromise, and the court may well have thought that the ends of justice required another trial. This is particularly so, as there appeared to be a variance between the pleadings and the proof on that question. The answer charged in effect that the sale of the cattle to defendant was made after the compromise, while the evidence showed that it was made before. The third instruction given for defendant gave effect to the compromise, if proved, only in case defendant "claimed said steers under said Farmers' Bank of Laclede by right acquired since such division." Defendant was thus properly held to the allegation of his answer. Of this, defendant could not complain, but the court may have been of the opinion that defendant should have an opportunity to amend his answer and retry the case upon the theory that plaintiff agreed, in consideration of receiving one hundred and fourteen head of cattle, not to make claim to those in question which had been sold and delivered to defendant. We are unable to see that the trial judge abused his discretion in granting a new trial in this case.

II.  It is said that the new trial was properly granted on account of errors in instructions given for plaintiff which placed the burden on defendant of proving that the cattle described in the mortgage to the Farmers' Bank of Laclede, under which he claimed title, were the same as those in controversy.

There can be no doubt that, in suits for the claim and delivery of personal property, in which the title to the property is in issue, the burden rests primarily upon the plaintiff to prove his title.  This principle was declared by the court in an instruction given on behalf of defendant.

In order to prove title, plaintiff read its mortgage of September 30, 1891, and offered evidence *prima facie* sufficient to identify the cattle assigned under the mortgage, with the cattle taken under the writ of delivery. Plaintiff thus showed title in itself.  Defendant then undertook to defeat plaintiff's title by showing that he was a purchaser, under a prior mortgage of the same property to the said Farmers' Bank.  This title defendant affirmatively asserted in his answer, and plaintiff denied in its reply.  The proposition seems too plain to require argument, or citation of authorities, that one claiming title to personal property under a mortgage, must prove that the property mortgaged is identical with that claimed.  The rule would be the same whether the party claiming was a plaintiff or a defendant in the suit.

"In cases where the title is put in issue, and the right to possession is to be determined by the title to the property, the burden of proof is on the plaintiff to show property in himself.  If the plaintiff show a *prima facie* right to the possession of the property, he should obtain a verdict, unless the defendant prove a better title." 20 Am. and Eng. Encyclopedia of Law, p. 1055, and cases cited.

The instruction we think proper, in view of the proof first made by plaintiff.

We find no error in giving or refusing instructions or in the admission of evidence which required a retrial.

The order of the court granting a new trial is affirmed. All concur. BARCLAY, J., bases his concurrence on what is said in the first paragraph.