## MRS. J. M. SHARP, Appellant, v. MRS. P. W. ODOM, Respondent.

### Kansas City Court of Appeals, November 5, 1906.

1. **APPELLATE AND TRIAL PRACTICE: Grounds for Granting New Trial.** The failure to set out the grounds for allowing a new trial as required by the statute is not a reason for reversal and the order will not be disturbed if it can be sustained on any ground mentioned in the motion.

2. **APPELLATE PRACTICE: Weight of Evidence: Discretion of Trial Court.** Since there was no error of law and there was a conflict of evidence, an order granting a new trial is pre-

Sharp v. Odum.

sumed to have been based upon the weight of the evidence, which is peculiarly within the discretion of the trial court and the appellate court will not interfere.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs*, Judge.

AFFIRMED.

*M. R. Lively* for appellant.

(1) When a court does not grant a new trial for any of the reasons stated in the motion, it in effect overrules the motion. The record in this case does not disclose that the court assigned any reasons outside of those stated in the motion. Vastine v. Rex, 93 Mo. App. 93. (2) The power conferred on trial courts to award new trials was not designed to be a mere formal authority, but was intended to guard against the mistakes, passions, prejudices, and ignorance of the jurors. The reviewing of the whole record in this case shows that there were no mistakes of law, or of the jury, and no evidence of passion, prejudice or ignorance of the jurors, and no reason whatever for disturbing the verdict of the jury. State v. Young, 119 Mo. 495. (3) All objections are waived as to the action of the trial court, unless embodied in a motion for a new trial. Vanstone v. Goodwin, 42 Mo. App. 39; State v. Morton, 42 Mo. App. 64. (4) Before the granting of a motion for a new trial by the trial court will be sustained, there must be something disclosed by the record upon which to base the reason for sustaining the motion. Hewitt v. Steel, 118 Mo. 463.

*E. F. Keyton* for respondent.

No brief filed.

JOHNSON, J.—Plaintiff sued in replevin in a justice's court to recover possession of a milch cow. The case was appealed to the circuit court where it was tried

before a jury, resulting in a verdict for plaintiff. Defendant in due time filed a motion for a new trial in which a number of grounds was specified, among them the ground that the verdict was against the weight of the evidence. The court sustained the motion without assigning any reason for its action and plaintiff appealed.

Section 801, Revised Statutes 1899, requires the trial court to state in the order allowing a new trial the ground or grounds on which it is granted, but it has been held repeatedly that the failure to comply with this provision is no ground for a reversal of the judgment. In such case if the action of the trial court in sustaining the motion can be sustained on any ground set forth therein, the appellate court should not disturb the order. [Roman v. Boston Trading Co., 87 Mo. App. 186; Bank v. Wood, 124 Mo. 72; Hewitt v. Steele, 118 Mo. 463; Smith v. Sedalia, 152 Mo. 283; Haven v. Railway, 155 Mo. 216; Metropolitan Lead, etc., Co. v. Webster, 92 S. W. 79.]

Respondent has filed no brief and as appellant's brief does not advise us of the ground on which the new trial was granted, we have carefully examined the whole record to ascertain if the order may be sustained on any ground assigned in the motion. We do not find that any error of law was committed by the learned trial judge in the trial of the cause and as there was a serious conflict in the evidence relating to material issues of fact which was sent to the jury under proper instructions, we assume that the verdict was set aside on the ground that it was against the weight of the evidence. The granting or refusing of a new trial on this ground is a matter peculiarly within the discretion of the judge who presides at the trial and this discretion will not be disturbed unless it appears to have been arbitrarily or unreasonably exercised. The substantial character of the evidence offered by each of the opposing parties on

the contested issues of fact clears the action of the court in granting a new trial of any such criticism.

The judgment is affirmed. All concur.