JAMES, Appellant, v. OLIVER, Respondent.

St. Louis Court of Appeals, February 4, 1908.

NEW TRIAL: Verdict Against the Weight of Evidence: Appellate Practice. Where a motion for new trial was sustained and no reason assigned for the ruling, and where one of the grounds of the motion was that the verdict was against the weight of the evidence, the evidence being conflicting, the appellate court will not interfere with the ruling; the reason for setting aside the verdict may have been that in the opinion of the trial court the verdict was against the weight of the evidence, and, if so, the court did right to set the verdict aside.

Appeal from Montgomery Circuit Court.—*Hon. Jas. D. Barnett,* Judge.

AFFIRMED AND REMANDED.

*John M. Barker* for appellant.

*James F. Ball* for respondent.

GOODE, J.—This is an appeal from the order of the court below sustaining a motion of respondent for new trial. The suit sought to recover from respondent the sum of $566.60 alleged to have been entrusted to him by appellant at different times to handle as her agent. A fiduciary relationship between appellant and respondent is charged in the petition, which bears the marks of a bill in equity and the cause seems to have been submitted to the jury on special issues framed by the court. Instructions were given and refused on the various issues. The jury returned a verdict in favor of appellant on one of the items in suit. This item was a note for $116, dated October 8, 1887. It was originally signed by the respondent and his mother Camilla Oliver, now deceased, and the evidence tends to show was a loan made to the mother. The evidence tends further to prove respondent was his mother's surety on the note and some difference having arisen between him and his mother, his name was erased from the note with the consent of appellant. The evidence as to this and other matters of fact in dispute was contradictory and one of the grounds for the motion for new trial was the verdict was against the weight of the evidence. The court below assigned no reason for sustaining the motion in the order sustaining it, and hence we cannot know but what it was sustained and a new trial granted because, in the opinion of the court, the verdict was against the weight of the evidence. Under such circumstances it is impossible for us to interfere with the action of the court. If the case is one in equity the court was not bound by the findings of the jury. If it is at law, and so the parties appear to treat it, the trial court did right to set aside the verdict if, in his opinion, it was opposed to the weight of evidence.

The order for new trial is affirmed and the cause remanded. All concur.