JOHN R. SCHUMACHER, Appellant, v. THE
SHAWHAN DISTILLERY COMPANY and
GEORGE H. BAKER, Respondents.

**Kansas City Court of Appeals, April 4, 1910.**

**DAMAGES: Punitive: Excessive: New Trial Granted by Trial
Court: Weight of Evidence: Discretion of Trial Court.** Plain-
tiff sued defendants for actual and punitive damages for pollut-
ing a stream, in which plaintiff had rights, by refuse from dis-
tillery and cattle pens. A verdict of $470 actual damages and
$3000 punitive damages was set aside by the trial court because
the punitive damages were excessive. There being substantial
evidence to support the ruling of the trial court, the appellate
court will not interfere with that court's discretion, or weigh the
conflicting evidence.

Appeal   from   Platte   Circuit   Court.—*Hon. A. D.
Burnes,* Judge.

AFFIRMED.

*Chinn & Chinn, James W. Boyd* and *Ardey Gabbert*
for appellant.

*James H. Hull* for respondents.

Every presumption is to be indulged in favor of
the order granting a new trial, and where the verdict
is set aside, as in this case, for the reason that in the
opinion of the court the verdict is the result of passion,
prejudice or misbehavior, the judgment should always
be affirmed, if there is substantial evidence in the record
tending to establish a theory of the case contrary to
the verdict. Dickman v. Hespos, 141 Mo. App. 119;
Bank v. Wood, 124 Mo. 72; Secrist v. Eubank, 104 Mo.
App. 113; Iron Mountain Bank v. Armstrong, 92 Mo.
265.

BROADDUS, P. J.—This is an action for damages for the pollution of a stream of water. The plaintiff is the owner of a tract of land in Platte county, through which flows a stream of water, and the defendants own a tract adjoining that of plaintiff. The defendants are engaged in distilling whisky. The distillery is situated on the stream above the land of plaintiff. In the operation of the distillery the grain used for the purpose is first allowed to ferment, after which the whisky is extracted, leaving the residue of the grain, which is fed to cattle and hogs. Near the distillery defendant had cattle pens and sties where hogs and cattle were kept and fed on the residue of the grain after the whisky had been extracted. The plaintiff's evidence tends to show that refuse matter from the distillery cattle pens and sties found its way into the stream and polluted it to such extent that it was injurious to his stock, causing the death of some of them, and that the fumes arising from the water were noxious, and had a deleterious effect upon the health of the members of his family. There was a sharp conflict in this respect, the defendants' evidence tending to show that the water was not polluted materially, that it was not injurious to plaintiff's animals, and that the stream did not emit noxious fumes.

On the 15th day of December, 1900, previous to the organization of defendant company, the plaintiff obtained a decree in the circuit court of Platte county enjoining the defendant Shawhan, the owner and in control of said distillery, "from fouling and polluting the waters of said stream by passing the offal and refuse from said distillery into said stream of such quantities and for such a length of time as to destroy the water in said stream for ordinary purposes or for stock." The defendant appealed from the decree to this court where it was duly affirmed.

It was made to appear that said Shawhan was cited at different times since said decree, to appear

before the said Platte county circuit court to answer for contempt for disobedience of said decree, and punished therefor by fine.

There were two counts in the petition, claims of damages for injuries suffered in two different periods of time, and each asking also for exemplary damages. The jury returned a verdict on the first count for $260, on the second for $210, and assessed his exemplary damages on the latter at $3000, there being no finding on the first count as to such damages.

The defendants filed a motion for a new trial which was sustained on the grounds as stated by the court as follows:

"The exemplary damages assessed by the jury are excessive.

"The verdict of the jury is the result of bias and prejudice against the defendant and in favor of the plaintiff and is not the result of a consideration of the evidence submitted in the cause.

"Because instruction number 9 as originally given for the plaintiff and read to the jury as the law for their direction by the court, erroneously embraced a statement that the injunction mentioned therein was to restrain said George H. Shawhan and not the distillery company, defendant, from polluting the water of the stream from discharging therein not only offal and refuse from said distillery, but manure from the cattle pens as well, and said error was directed by the court, on its attention being called to it, to be eliminated by amendment, then made by the court by interlineation, and a new instruction free from said error was directed by the court to be prepared in lieu of the erroneous one. This was done by the plaintiff, but the attention of the jury was not called to the fact that the erroneous instruction which had been read to them was not the law and that it had been supplemented by another instruction, a correct instruction, which was not read to the jury and that the correct instruction

should be alone considered by them in lieu of the faulty and erroneous one."

Leaving out of consideration the last named ground assigned by the court for its action in granting a new trial, because we do not think the difference between the instruction as first given and the amended one was a substantial difference, but one merely of phraseology, we will speak with reference to the two other grounds so assigned.

In the first place it is universally recognized as proper practice to view the action of trial courts in granting new trials with the most favorable consideration, as it is a matter largely within the discretion of the court. Having this consideration in mind we are not prepared to say that the trial court abused its discretion. The great disproportion between the amount of the verdict in the sum of $470 for actual damages and $3000 for exemplary damages suggests that the jury must have considered that the wrongful acts of defendants in polluting the stream were of an aggravating character. We infer in this they were mistaken, as shown by the opinion of the trial court; and a review of all the facts and circumstances of the case seems to favor such opinion. In the first place the defendants had a right to a reasonable use of the stream, provided that in so using it they did not interfere with plaintiff's reasonable right to also use it. This right in defendants did not extend so far as to permit them to pollute its waters and render them unfit for plaintiff's stock, or cause the water to emit unhealthy fumes.

There was much credible evidence that the use of the stream by defendants did not befoul its waters to any considerable extent. And as they were not prohibited, by the injunction decree, which was introduced with the intention of showing that they had disobeyed it, from using it altogether, but permitted of its use in a proper manner, the court might well have come

to the conclusion under the evidence that defendants did not intend to abuse their privilege in that respect and that at the time they did not believe they were so doing. The court had before it the witnesses who testified as to that issue and was in a far better situation to judge the force and credibility of the testimony, than we can possibly be; and as the court believed the verdict to be excessive we do not feel at liberty to interfere with its discretion as to that finding.

There was substantial evidence to support the finding of the jury for plaintiff as to his actual damages and it is insisted therefore that it was error of the court to set aside the verdict.

It is held that "An appeal from an order of the circuit court granting a new trial, brings only the ruling of the trial court on the motion for new trial to this court to review." And "the appeal is here for review on matters of law, and not on the weight of the evidence, nor is this court to substitute its discretion for the discretion of the trial court." [Haven v. Missouri Railroad Company, 155 Mo. 216.]

"The appellate court will not interfere with the discretion of the trial court in granting a new trial, supposably upon the assigned ground that the verdict was against the weight of the evidence unless, upon the undisputed facts in the case, no verdict for the party asking for a new trial could ever be allowed to stand." [Lead & Zinc Mining Co. v. Webster, 193 Mo. 351.]

"Since there was no error of law and there was a conflict of evidence, an order granting a new trial is presumed to have been based upon the weight of the evidence, which is peculiarly within the discretion of the trial court and the appellate court will not interfere." [Sharp v. Odum, 121 Mo. App. 565.] And the holding is similar in Friedman v. Pulitzer Pub. Co., 102 Mo. App. 683. The Supreme Court, the St. Louis Court of Appeals, and this court, entertain the same

view of the law, and there can be no question of its correctness, the sum and substance of which is that an appellate court will not interfere with the discretion of a trial court, unless it has been abused, in granting a new trial where the weight of the evidence is to be considered. As there was evidence on the issue, in behalf of defendants as well as for plaintiff, the question raised by appellant is one of fact and not of law. Such being the case we are not authorized to interfere with the action of the trial court in granting defendants a new trial. Affirmed. All concur.