## J. L. CUNNINGHAM, Respondent, v. H. C. ATTERBURY, Appellant.

### Kansas City Court of Appeals, May 13, 1912.

1. **NEW TRIAL: Specifying Grounds: Duty of Court.** The omission of a trial judge to specify the grounds for granting a new trial in the order, if accidental, is a neglect of duty, but, if intentional, is a willful violation of the law.

2. **PRACTICE, APPELLATE: New Trial.** Notwithstanding the failure of the trial court to obey the statute (Sec. 2023, R. S. 1909) and set out in the order the grounds for granting a new trial, its action in granting a new trial will be upheld in the appellate court if it can be sustained on any ground set forth in the motion for a new trial, including the ground that the verdict is against the weight of the evidence.

Appeal from Chariton Circuit Court.—*Hon. Fred Lamb,* Judge.

AFFIRMED.

*Roy W. Rucker* and *W. W. Rucker* for appellant.

*H. J. West* and *J. A. Collett* for respondent.

JOHNSON, J.—This is a suit in replevin to recover a crop of wheat in the shock. Issues raised by the pleadings were tried and submitted to the jury and a verdict for defendant was returned. Afterward the court sustained the motion for a new trial filed by plaintiff but in the order granting a new trial failed to state the grounds for the ruling. Defendant appealed and his counsel contend that the judgment should be reversed and the cause remanded with directions to the trial court to render judgment for defendant on the verdict.

Two propositions are urged, viz., *first,* that no prejudicial error was committed at the trial and, second, "the court erred in not specifically stating in the order setting aside the verdict of the jury the grounds upon which it sustained plaintiff's motion and set aside the verdict, as required by statute." In the briefs of counsel for plaintiff, it is argued that the granting of a new trial was proper for the reasons, first, that instructions numbered 1, 2 and 3, given by the court at the request of defendant contain prejudicial error and, second, that clearly the verdict was against the weight of the evidence.

In the grounds stated in the motion for a new trial defendant's instructions numbered 2 and 3, are attacked and it is alleged that the verdict was against the weight of the evidence. The motion does not assail defendant's instruction numbered 1, and, therefore, the error in that instruction, if any exists, was waived by plaintiff and cannot be considered here. Nor can we infer that such error influenced the trial court in sustaining the motion for a new trial. Proceeding in logical order the first question for our determination arises under the second point in defendant's brief which, in substance, is that the error of the trial court in failing to state in the order the reasons for granting a new trial compels us to punish plaintiff who is entirely innocent of that error, by reversing

the judgment and directing the trial court to enter judgment on the verdict, thereby depriving plaintiff of his right to a fair trial of his cause. This contention is based by defendant on the severe and just criticism expressed by the Supreme Court in Stoner v. Royar, 200 Mo. 444, of the too frequent neglect of trial courts to obey the express mandate of the statute (section 2023, Revised Statutes 1909), that "every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted."

As is well said by Judge VALLIANT if the omission to specify the grounds in the order was accidental it was a neglect of duty; if intentional it was a willful violation of law "and in either case it was an injustice to the appellant." But as we observed in the recent case of Schultz v. Street Railway, 144 S. W. 123, 161 Mo. App. 574, the opinion of the Supreme Court falls far short of being a pronouncement of a new rule to the effect that such an omission of itself will render the order nugatory. There is no rule of law and certainly none of morals that would justify visiting the sins of the court on the head of the respondent who has no control over the actions of the court.

The rule is well settled that notwithstanding the failure of the trial court to obey the statute its action in granting a new trial will be upheld in the appellate court if it can be sustained on any ground set forth in the motion for a new trial, including the ground that the verdict is against the weight of the evidence. [Schultz v. Railway, supra; Mining Co. v. Webster, 193 Mo. 351; Hewitt v. Steele, 118 Mo. 463; Bank v. Wood, 12 Mo. 72; Millar v. Car Co.. 130 Mo. 517; Sharp v. Odom, 121 Mo. App. 565; James v. Oliver, 129 Mo. App. 86.]

The burden is on the respondent in such case to point in his brief to the grounds stated in the motion for a new trial on which he defends the order (Stoner v. Royar, supra), and since plaintiff, in the

present case, has so specified the grounds on which he stands we hold it to be our duty to determine whether or not the order should be sustained on any of them.

We find no prejudicial error in either of the instructions given at the instance of defendant of which plaintiff complains. Instruction numbered 2 is erroneous. It assumed to cover the whole case and to direct a verdict but omitted from its hypothesis one of the important issues tendered by plaintiff in his petition and evidence. But the verdict on its face shows that the error could not have influenced the jury and as obviously it was harmless we cannot assume it was the moving cause of the court's order, nor will we sustain the order on the ground that a non-prejudicial error was committed against plaintiff. We find no error in instruction numbered 3, and dismiss it from further consideration.

The only remaining ground is that the verdict was against the weight of the evidence. We have no other alternative than to infer that the new trial was allowed on that ground and if it was, we have no occasion to interfere with this exercise of a discretion vested by law solely in the trial court. The evidence is very conflicting. That of plaintiff tends strongly to show that he was the owner of the wheat and entitled to its possession. Much of the evidence introduced by defendant tends to corroborate plaintiff and we well can believe that the trial judge was convinced that there was a clear preponderance of evidence against the verdict. At any rate the ground under discussion was the only ground stated in the motion for a new trial on which the order properly may stand and under the rule of the authorities we have cited, we must hold the court did not err in granting a new trial.

Accordingly the judgment is affirmed. All concur.