FIFTY-THIRD NATIONAL BANK OF CINCIN-
NATI, Appellant, v. PHIL H. McCRORY et al.,
Respondents.

**Kansas City Court of Appeals, June 3, 1912.**

1. **NEW TRIAL: Weight of Evidence: Discretion.** When a new
   trial is granted on the ground that the verdict is against the
   weight of the evidence, if there is any evidence of substance
   in favor of the party against whom the verdict was rendered,
   the discretion of the trial court will not be disturbed by an
   appellate court.

2. ——————: ——————: ——————: **Promissory Notes: Indorsee: Cir-
   cumstances.** Where a payor and payee of promissory notes
   lived a long distance apart, and the payor by agreement paid the
   notes by substituting notes of third parties, but they were not
   returned to the payor when paid, and an indorsee living in
   another state claimed to be the owner for value before due
   and without notice. *Held*, that the circumstances of the payor
   living a distance from the party claiming to be the innocent
   holder, and that the indorsee did not notify him of being the
   indorsee for near six months after they were due, and then
   of only one of them, were sufficient to uphold the discretion
   of the trial court in granting a new trial.

Appeal from Jackson Circuit Court.—*Hon. O. A.
Lucas,* Judge.

AFFIRMED.

*Ellis Cook & Barnett* for appellant.

The plaintiff by production of the notes and proof
of the indorsements made a prima facie case without
even the evidence of J. H. Youtsey. Ashbrook v.
Letcher, 41 Mo. App. 369. Hearsay evidence is in-
competent to establish any specific fact which in its
nature is susceptible of being proved by witnesses
who can speak from their own knowledge. Choutian
v. Searcy, 8 Mo. 733; Allen v. Transit Co., 183 Mo.
411; Wood v. Hicks, 36 Mo. 326; Bates v. Forcht, 89
Mo. 121; Bloom's Son Co. v. Maas, 130 Mo. App.

122; Morris v. Parry, 110 Mo. App. 675; Lynch v. Railroad, 208 Mo. 1.

*Lowrence & Casey* and *W. W. Calvin* for respondents.

(1) If the September and April notes were transferred to appellant after their maturity, then appellant was not entitled to a recovery thereon, except for the difference between the amount thereof and the amount of the Purtill & Fine notes, and, this would be true even though appellant knew nothing of the credits to which respondents were entitled thereon. Wheeler v. Barrett, 20 Mo. 573; Mattoon v. McDaniel, 34 Mo. 140; Arnot v. Woodburn, 35 Mo. 99; Cutler v. Cook, 77 Mo. 388; Barnes v. Mullins, 78 Mo. 269; Henley v. Holzer, 19 Mo. App. 245; Gemmell v. Huben, 71 Mo. App. 295, 46 L. R. A. 788n. (2) It was shown that Haas was the authorized agent of the distillers, and that during the course of his transactions and negotiations with the defendants, respondents, he was acting as such agent, and, there being no showing when such agency was terminated, or that defendants, respondents, had any knowledge of such termination, it would be presumed that such agency was existing at the time he made the alleged declaration to defendants, respondents; and such declarations, therefore, as it was shown he made to the defendants, respondents, were properly admissible. McDermott v. Railroad, 73 Mo. 516; Aldridge, Admr. v. E. T. C. Co., 78 Mo. 559; Chillicothe v. Raynard, 80 Mo. 185; Bergerman v. Railroad, 104 Mo. 77; Barker v. Railroad, 126 Mo. 143; Williams v. Williamson, 28 N. C. 281, 45 Am. Dec. 494; Bank v. Navigation Co., 33 Am. Dec. 687. (3) It is conceded that the ground upon which the court granted a new trial was that the verdict and judgment were against the weight of the evidence; and such action by the trial court will not, therefore, be re-

viewed upon appeal. Hewitt v. Steele, 118 Mo. 463; Bank v. Wood, 124 Mo. 72; Herndon v. Louis, 175 Mo. 116; Mining Co. v. Webster, 193 Mo. 351.

ELLISON, J.—This action is based on a petition in four counts, each on a promissory note of $160.67. There was a verdict, substantially by agreement, for two of the notes, and also a verdict, after contest, on the other two. Defendants filed a motion for new trial, which was sustained by the trial court on the ground, as counsel for either side agree, that the verdict was against the weight of the evidence; and plaintiff appealed from that order.

It appears that on April 4, 1908, the "Combined Distillers of Kentucky," through their agent Haas, sold to defendants in Kansas City, Mo., ninety barrels of whiskey, for $2249.41, for which sum the latter executed their fourteen promissory notes of $160.67 each.

It was a part of the agreement of the sale that if defendants sold to some other dealer a part of the whiskey, and took notes for the purchase price, such notes were to be made payable direct to the distiller and defendants were to be credited with the amount of them on their notes. Afterwards defendants sold ten barrels of the whiskey to Purtill & Fine, for $307.45, and took their notes payable monthly, for $30.75 each, which they turned over to the Combined Distillery Company as agreed, for credit on their notes, and were informed by the company that the credit had been given. This credit, after allowing for payments defendants made, would pay and discharge the two notes in controversy, unless the following consideration prevents it.

The Distillers Company became insolvent and plaintiff claims to have received the notes from the company as collateral security for loans, in due course, for value, before maturity, without notice of payment or of the arrangement between defendants and the

company. That was the sole issue in the trial court. There was evidence in plaintiff's behalf tending to prove its claim that it was an innocent purchaser for value, without notice; and it insists that there was no evidence to the contrary; and that therefore the trial court erred in granting a new trial on the ground that the verdict was against the weight of the evidence.

When a trial court grants a new trial for the reason that the verdict is against the weight of the evidence, and there is any substantial evidence in favor of the party to whom the new trial is granted, that court is within the limit of its discretion and no interference will be made in an appellate court. [Hewitt v. Steele, 118 Mo. 463; First Nat. Bank v. Wood, 124 Mo. 72; Herndon v. Lewis, 175 Mo. 116; Met. L. & Z. Mining Co. v. Webster, 193 Mo. 351; Ordelheide v. Land Co., 208 Mo. 239; Smoot v. Kansas City, 194 Mo. 513; Secrist v. Eubank, 104 Mo. App. 113; Sharp v. Odom, 121 Mo. App. 565.]

We think there was evidence supporting the order of the court under the rule we have just stated. Much of the testimony was introductory—leading down to the main issue and explanatory thereof. First, it was agreed by the Distillers Company that if defendants sold portions of the whiskey on credit the notes for the purchase money could be made payable directly to the company and when received by it, it would credit on defendants' notes and return to defendants such as were in that manner paid, as well as those notes which defendants should pay directly. It was in this way shown that the notes in controversy were paid. Plaintiff then sought to avoid that by showing itself to be a purchaser before the notes were due, and without notice of payment, or of any understanding between defendants and the company. But there were circumstances shown tending to discredit the evidence for plaintiff. One of the two notes in controversy was due the 10th of September, 1908, and the other the

10th of April, 1909, and the testimony for plaintiff tended to show that they had been endorsed to it before the former date. But although plaintiff was a banking institution of Cincinnati, which we may rightfully assume to be well acquainted with proper business methods and safeguards, and notwithstanding the payors of the notes lived in a distant state, and notwithstanding the company which endorsed the notes to it was in the hands of a receiver, and therefore worthless to plaintiff, it did not notify defendants that it had anything to do with the notes until near six months after it had purchased them; and then of only *one* note and without saying *when* it became the owner. After notice to defendants they notified plaintiff that the notes had been paid, when, after considerable delay, plaintiff wrote that it was not bound by any arrangement for payment with the Distillers Company.

Again, the other note, due April 10th, was not called to defendants' attention until May 18th thereafter, when it wrote to them that it was that day sending it to a bank in Kansas City for collection; but at this time not saying it had been indorsed to it, or that it was the owner.

There were other circumstances which, taken together, have a tendency to show that plaintiff had not been a *bona fide* indorsee and possessor of these notes for value since before due. We do not state the amount of weight of these additional circumstances, nor of all of them; our duty ends when we say they had some degree of substance worthy of consideration. It should be borne in mind that evidence by word or mouth is not always the best evidence. The most persuasive to belief frequently is that evidence which is made up of circumstances.

The judgment is affirmed. All concur.