LONDON JINER, Appellant, v. LIZZIE JINER, Respondent.

Springfield Court of Appeals, June 27, 1914.

1. NEW TRIAL: Granting: Trial Court Should Specify Grounds for. In granting a new trial, the trial court should specify the grounds for which same is granted, but its failure so to do does not render the order nugatory.

2. APPELLATE PRACTICE: New Trial: Granting: Trial Court's Discretion. Appellate Courts will not interfere with the exercise of the trial court's discretion in granting a new trial unless

it appears that such discretion was unwisely exercised and trial courts have large discretion in the granting of a new trial.

3. ———: ———: Grounds Stated: Presumptions. Where a trial court grants a new trial specifying one or more grounds for so doing, but not the one that the verdict is against the weight of the evidence, the appellate court will not justify its action on that ground, the presumption being that the trial court overruled it as to that ground.

4. APPELLATE PRACTICE: New Trial: Granting: Grounds Stated. Where a trial court grants a motion for new trial generally and without specifying any grounds for so doing, the appellate court must look to every ground in the motion, inclusive of the one that the judgment is against the weight of the evidence, and justify its action if possible, on each and every ground including that one and apply the rule that the weight of the evidence is peculiarly within the province of the trial court who saw and heard the witnesses and that the trial court's action in setting aside the verdict because against the weight of the evidence, will not be interfered with unless manifestly abused.

5. NEW TRIAL: Order Granting, Sustained: Case Reviewed. Evidence in case reviewed and action of trial court in granting a new trial sustained.

Appeal from Butler Circuit Court.—*Hon. John P. Foard*, Judge.

AFFIRMED.

*L. M. Henson* for appellant.

The law requires circuit courts to specify the grounds upon which a new trial is granted and where the court fails to so specify, it is presumed to have granted the new trial for one or more of the grounds set forth in the motion, but errors not complained of in the motion for a new trial, cannot be made the basis of an order granting a new trial, nor will such errors be considered upon appeal. Roman v. Boston Trading Co., 87 Mo. App. 186; Ortt v. Leonhardt, 68 S. W. 577; State ex rel. Rucker v. Rucker, 59 Mo. 17; Gorman v. Aust, 55 Mo. 163; Landcaster v. Washington

Life Insurance Company, 62 Mo. 121; Griffin v. Regan, 79 Mo. 73; Taylor v. Brotherhood of R. R. Trainmen, 106 Mo. App.

*D. B. Deem* for respondent.

(1) Trial courts have large discretion in granting new trials, especially where the weight of the evidence is involved. And the Supreme Court and appellate courts will not interfere with the exercise of that power unless it appears that it was unwisely exercised. Gould v. St. John et al., 207 Mo. 619; Rodan v. St. Louis Transit Co., 207 Mo. 392; Stetzler v. Metropolitan Street R. R. Co., 210 Mo. 704; Scott v. Colbern, 125 Mo. App. 573; Canterbury v. Kansas City, 130 Mo. App. 1. (2) The Supreme Court in the case, State ex rel. Lizzie Jiner v. Foard et al., 251 Mo. 51 did not pass on the sufficiency of the petition of plaintiff in this cause. They only say he attempted to bring the action.

STURGIS, J:—This is an action brought by the unsuccessful defendant in an ejectment suit to recover for improvements placed on the land in good faith by him prior to his knowledge of the adverse title, as provided for by sections 2401 and 2402, R. S. 1909. It is the same suit, one phase of which was drawn in question in the case of State ex rel. v. Foard, 251 Mo. 51, 157 S. W. 619, wherein the Supreme Court held that on the bringing of such suit for improvements the trial court could issue a restraining order or injunction preventing the taking of possession pending such proceedings without requiring any injunction bond. No other phase of the case was there passed on. On the trial in the circuit court the plaintiff here (defendant in ejectment) prevailed in the sum of $600.00 and this appeal is from an order granting a new trial.

The defendant is plaintiff's second wife, having obtained a divorce from him shortly before she sued

him in ejectment. The land is a house and lot in Poplar Bluff, Missouri, the lot itself being of small value and the improvements making it worth about $800.00. The title to same was taken many years ago in the name of plaintiff's first wife but was bought by and paid for by plaintiff. Little explanation of this is given, as plaintiff, an ignorant old negro, said he did not know much about titles or conveyances and of this there is no doubt. This first wife was likewise divorced from plaintiff some years ago, the divorce being granted after she had, as stated by plaintiff, "absquandered with" and married another negro man named Arnold. She also seems to have been ignorant of titles and of her ownership of the property and made no claim to same. The plaintiff continued to occupy same, pay taxes thereon, and claim the property as his. To his untutored mind he also acquired title or ownership of this property by paying off a mortgage on the lot, given by him and his said first wife shortly before she "absquandered" taking the proceeds of the mortgage with her. To his mind ownership and title were one and the same thing and went to him who paid the purchase money, which is not bad law though it is evident that he did not know any of the niceties of legal and equitable titles and resulting trusts. After his first wife left him, plaintiff went right on owning the property, paying taxes, etc., and to this as his home he brought the defendant, Lizzie, his second wife. Here they both lived until shortly before the ejectment suit. Presently after their marriage the old house burned and, according to his story, by dint of working a double shift, at a saw-mill in the day time and shoveling twenty tons of coal each night, plaintiff built a new house thereon and made other improvements. Then plaintiff's health and strength gave way, or, to use his words, "then I fell under." Next the defendant, Lizzie, secured a divorce, and, possibly on the suggestion of some one having knowledge

of the title, hunted up the first wife and obtained a deed from her.   Thus armed with the legal title she proceeded to eject this plaintiff, her late husband, from their recent and his old home.

We have stated the facts most favorably to plaintiff, as we should do where the jury have found in his favor.   The defendant, however, claimed and testified that she furnished the money by her labor which paid for most, if not all, the improvements in question. She was corroborated to some extent as to furnishing part of the money at least.   There is a sharp conflict in the evidence along this line and it is not altogether satisfactory on either side.

Under the instructions given the jury found that plaintiff made the improvements on the said lot in good faith, believing he was the owner of said property, and assessed the value of same at $600.00.   The trial court granted a new trial without doing as the statute directs in specifying the grounds for which same was granted.   This the court should always do, Stoner v. Royar, 200 Mo. 444, 450, 98 S. W. 601, but its failure to do so does not render the order nugatory.   [Cunningham v. Atterbury, 163 Mo. App. 594, 596, 147 S. W. 495; Sharp v. Odom, 121 Mo. App. 565, 97 S. W. 225.]

One of the grounds stated in the motion for new trial is that the verdict of the jury is against the weight of the evidence.   The defendant justifies the action of the trial court in granting the new trial on this ground alone.   Her one point presented here is that the trial court was acting within the scope of its powers in granting a new trial for any reason stated in the motion and if any such reason is good, then its action must be sustained.   The doctrine is then invoked that trial courts have large discretion in granting new trials, especially where the weight of the evidence is involved, and the Supreme Court will not interfere with the exercise of that power unless it appears that it was unwisely exercised.   [Bank v. Mc-

Crory, 164 Mo. App. 144, 147, 148 S. W. 207; Rodan
v. Transit Co., 207 Mo. 392, 105 S. W. 1061; Stetzler
v. Street R. Co., 210 Mo. 704, 109 S. W. 666; Scott &
Colbern v. Joffee, 125 Mo. App. 573, 102 S. W. 1038;
Canterbury v. Kansas City, 130 Mo. App. 1, 108 S. W.
574.]

These authorities fully sustain the legal proposi-
tion last stated and if it be held that the trial court
granted the new trial on the ground that the verdict is
against the weight of the evidence, then this court will
not interfere with the trial court's action in so doing.
The whole difficulty is whether the court can presume
that the trial court exercised its discretion in granting
a new trial on that ground in the absence of an affirma-
tive showing that it did so.

As the law existed prior to the enactment of the
statute requiring the trial court to specify the grounds
on which the new trial is granted, the order sustain-
ing same would be upheld by the appellate court if
it could do so on any ground stated in the motion ex-
clusive of the one that the verdict is against the weight
of the evidence. [Bank v. Armstrong, 92 Mo. 265, 4
S. W. 720, and cases cited; Millar v. Madison Car Co.,
130 Mo. 517, 522, 31 S. W. 574.] In the Millar case,
just cited, the court pointed out that in cases where
the trial court obeyed the statute and specified one
or more grounds for sustaining the motion, then it
would be presumed that the court, in specifying the
grounds which it deemed sufficient to warrant the
granting of a new trial, also held all other grounds
insufficient; that the sustaining it on one ground would
be held as overruling it on the other grounds. The
court there said: ''But the circuit court, in this case,
did specify its reasons on the record, and we are not
at liberty to indulge the presumption that it granted
it upon some other grounds. *'Expressio unius exclusio
alterius'* is especially applicable when it is considered
that the statute requires the court to set forth its rea-

sons on the record. The facts of this case, then, distinguish it from the two cases just noted, where the presumption was indulged because one of the grounds assigned was that the verdict was contrary to the evidence.'' The court, however, had recognized and pointed out that in cases like Hewitt v. Steele, 118 Mo. 463, 474, 24 S. W. 440, and Bank v. Wood, 124 Mo. 72, 27 S. W. 554, decided since the statute mentioned went into effect, and in which the court did not specify any ground for granting the motion but the motion itself specified the ground that the verdict was against the weight of the evidence, ''this court indulged the presumption that the court awarded the new trial on that ground, it being the settled law of this State that granting or refusing a new trial because the finding of the jury is against the weight of the evidence is peculiarly within the province of the trial court, and will not be disturbed in this court unless it is made manifest that injustice has been done, or that the right was arbitrarily exercised.''

This distinction has been recognized every since and the law is settled that where the trial court grants a new trial, specifying one or more grounds for so doing, but not the one that the verdict is against the weight of the evidence, then the appellate court will not justify its action on that ground, the presumption being that the trial court overruled it as to this ground. [Crawford v. Stock Yards Co., 215 Mo. 394, 114 S. W. 1057; Richter v. Railroad, 145 Mo. App. 1, 7, 129 S. W. 1055; Cornell v. Insurance Co. (Mo. App.), 165 S. W. 858; Gabbert v. Evans (Mo. App.), 166 S. W. 635; Gibson v. Ducker, 170 Mo. App. 135, 146, 155 S. W. 462.] And the rule is equally well settled that where the court, as it did here, grants the motion for new trial generally and without specifying any ground for so doing, then the appellate court must look to every ground in the motion, inclusive of the one that the verdict is against the weight of the evidence, and justify-

its action, if possible, on each and every such ground including that one, and apply the rule that the weight of the evidence is peculiarly within the province of the trial court who saw and heard the witnesses and that his action in setting aside the verdict because against the weight of the evidence will not be interfered with unless manifestly abused. [Cunningham v. Atterbury, 163 Mo. App. 594, 147 S. W. 495; Fair v. Preston, 157 Mo. App. 324, 327, 138 S. W. 73; Sharp v. Odom, 121 Mo. App. 565, 97 S. W. 225; Stoner v. Royar, 200 Mo. 444, 451, 98 S. W. 601; Lead & Zinz Co. v. Webster, 193 Mo. 351, 364, 92 S. W. 79.] In the Stoner case, supra, the court said: "When the statute is disregarded an appellant who is forced to bring the record here without specification of the ground on which his verdict was set aside has not only the burden he would have if the ground had been so specified, but the burden of showing that in the whole record there was no ground justifying the order." And in the Lead & Zinc Co. v. Webster case, supra, the court held that the discretion of the trial court in granting a new trial as against the weight of the evidence would not be interfered with by the appellate court unless the verdict was so palpably correct that no other finding by the jury would be permissible and tolerated by the appellate court.

In this case there was substantial evidence that the defendant furnished part of the money, in cash and by her labor, going into the improvements sued for and the plaintiff's evidence is not very clear or satisfactory as to furnishing as much money as was awarded to him. Indulging the presumption in favor of the trial court's action, we cannot say that that court abused its discretion in granting the new trial as being against the weight of the evidence. We desire to again admonish trial courts, as has our Supreme Court, to observe the statute in granting new trials and specify therein the grounds on which the court acts.

The result is that the order of the trial court granting the new trial is affirmed.

*Robertson, P. J.,* concurs. *Farrington, J.,* concurs.