BEMIS BROTHERS BAG COMPANY, Appellant, v. RYAN COMMISSION COMPANY, Defendant; MARGARET E. KEHOE, Respondent.

| 74 | 627 |
|----|-----|
| 92 | 4 |
| 74 | 627 |
| 95 | ¹415 |

St. Louis Court of Appeals, April 12, 1898.

1. Practice, Trial: SETTING ASIDE JUDGMENT ON MOTION (FOR NEW TRIAL: DISCRETION OF TRIAL JUDGE. Trial courts have a large discretion in granting a new trial on motion wherein it is alleged that the verdict and judgment are against the evidence and the weight of the evidence, the only limitation being that their discretion must not be abused.

2. ———: ———: EVIDENCE: PRACTICE, APPELLATE. In the case at bar while the testimony for plaintiffs afforded cogent evidence that the bill of sale to the claimant was a fraudulent contrivance for the use of the Ryan Commission Company, we are unwilling to say that the evidence sustaining this theory was so convincing as to exclude every rational inference to the contrary, and we give the ruling of the court below the benefit of the doubt.

*Appeal from the St. Louis City Circuit Court.*—HON. SELDON P. SPENCER, Judge.

AFFIRMED.

CLOPTON & TREMBLY for appellant.

Under the law and the facts as conceded by claimant's own testimony, there was no consideration for the bill of sale read in evidence, and the same is presumptively void as against the then creditors of the Ryan Commission Company, including plaintiff. The mere giving of a negotiable promissory note even by a *bona fide* grantee to a grantor does not *prima facie* entitle

the grantee to protection as against the existing creditors of the grantor. To entitle the grantee to protection it must be shown that the consideration was paid before notice of any fraud of the grantor reached him, or if he gave a promissory note, that said note had been negotiated and was in the hands of an innocent purchaser when he became aware of the fraud of the grantor. R. S. 1889, sec. 5169; Greenlee v. Marquis, 49 Mo. App. 290; Wetmore v. Woods, 62 Mo. App. 265. While on an appeal from an order sustaining a motion for a new trial the appellate court is not confined to the examination of the grounds on which the trial court based its action in sustaining the motion, yet in this case if the trial court erred in sustaining the motion, for a new trial on the second and and third grounds, and if under the law and the facts, judgment must be for plaintiff, it will be unnecessary for this court to examine the propriety of the trial court's action on other grounds of the motion. In other words if under the law and the facts as conceded by claimant's own testimony, judgment must be for plaintiff, it is wholly immaterial as to whether errors were committed at the trial covered by other grounds of the motion for a new trial, and the trial court's order setting aside the judgment and ordering a new trial must be reversed. The action of the trial court in sustaining claimant's motion for a new trial on the second and third grounds thereof means that under the law and the facts of this case the property levied on belonged to claimant at the dates of the levies. Such a holding, under the facts and circumstances of this case, seems to us violative of every principle of law and justice. A jury under that ruling is not even permitted, under the facts and circumstances of this case, to pass on the question as to whether a note was in fact given by claimant, or if given whether given in

good faith. Nor is it to be permitted under the facts and circumstances of this case to pass on the question whether or not (if claimant did give a note in good faith, and if the same constitutes a consideration) she in any manner participated in or knew of any fraud of the grantor in making said transfer.

DAWSON & GARVIN for respondent.

It was not error for the trial court to overrule appellant's motion to vacate its order granting claimant a new trial. The law does not require or provide for the filing of such a motion or grant an appeal from any action respecting it. R. S. 1889, sec. 2246, as amended by laws of 1895, p. 91. Where, as in this case, the bill of exceptions is in part a skeleton bill and contains mere directions to insert parts of the evidence admitted at the trial, and appellant has not in any way fulfilled said directions and has not copied it into the record brought up by it to the appellate court, said court will not review the action of the trial court in awarding a new trial on the ground that the verdict is against the evidence and the weight of the evidence. R. S. 1889, sec. 2304; Jefferson City v. Opel, 67 Mo. 394; Epstein v. Clothing Co., 67 Mo. App. 231; Robinson v. Rice, 20 Mo. 229, 236; Helm v. Gore, 65 Mo. 430; State v. Steen, 115 Mo. 477. It is the duty of the appellant to see that a complete record is transmitted to the appellate court; and where the record is evidently incomplete the presumption is in favor of the correctness of the rulings of the trial court. Vaughn v. R. R., 34 Mo. App. 141, 144; Routsong v. R. R., 45 Mo. 236; Perth v. Gilbert, 35 Mo. 135; Christ v. R. R., 36 Mo. App. 663. The trial courts have large discretion in the matter of granting new trials upon the weight of the evidence and appellate courts will not

interfere with such discretion unless it be made to appear plainly that it was improvidently exercised. Baughman v. Fulton, 139 Mo. 557, 559; Bank v. Wood, 124 Mo. 72, 77; Shaughnessy v. R. R., 68 Mo. App. 152, 155; Thompson v. R. R., 41 S. W. Rep. 459; Garneau v. Herthel, 15 Mo. 191; Parker v. Cassingham, 139 Mo. 340; Hewitt v. Steel, 118 Mo. 463, 472, 474. It is well settled in this state that appellate courts will not, where there is a substantial conflict in the evidence as to some material issue of fact, review the action of the trial court granting a new trial, because the verdict is against the weight of the evidence, it being the exclusive province of the trial court to weigh the evidence. Shaughnessy v. R. R., 68 Mo. App. 155; Baughman v. Fulton, 139 Mo. 559; Bank v. Wood, 124 Mo. 77. The trial court was right in setting aside the verdict; the case should not have been submitted to the jury, and judgment for claimant should be rendered by this court. R. S., sec. 2304; Baker v. Harvey, 133 Mo. 653; Grocery Co. v. A'shton, 69 Mo. App. 463, 469; Williams v. Tye, 42 S. W. Rep. (Ky.) 90; Nelson v. Vendon, 42 S. W. Rep. (Tenn.) 8; Ligon v. Tillman, 43 S. W. Rep. (Tex. Civ. App.) 1069; Jacobs v. Totty, 76 Tex. 343; s. c., 13 S. W. Rep. 372; Cummings v. Hurlbutt, 92 Pa. St. 165.

BOND, J.—Plaintiffs are the execution creditors of the Ryan Commission Company in the sum of $713.26, and as such on the twenty-seventh of March, 1897, caused a levy upon certain personal property in and about a feed store in this city as the property of the defendants in the writ. Margaret E. Kehoe claimed to be the absolute owner of the property seized. Plaintiffs indemnified the sheriff and caused additional levy upon other property in and about said premises, to which Margaret E. Kehoe also set up a claim as absolute

owner. Plaintiffs again indemnified the sheriff. Thereupon the claimant executed to the sheriff an indemnity bond for the forthcoming of the property to cover both levies. Upon the return of said claims and bond into court plaintiffs filed an answer to the claim of ownership made by Margaret E. Kehoe, wherein they averred that the bill of sale under which she claimed to be the owner of the property in dispute was fraudulent and void as to them and other creditors of the Ryan Commission Company, the grantor in said instrument. The claimant joined issue by reply. Upon the trial of the issues the claimant introduced a bill of sale to herself of the property levied upon for the alleged sum of $1,000, dated December 16, 1896, and executed by the Ryan Commission Company by its vice-president, J. T. Bradshaw. Thereupon plaintiffs gave evidence tending to show that prior to the sixteenth of December, 1896, the property embraced in said bill of sale was a part of the assets of a feed store owned and conducted by the Ryan Commission Company; that the claimant was the sister-in-law of the vice-president of that corporation and employed by it as a bookkeeper of the business carried on at said feed store, upon a salary of $8 per week; that she had no cash at the time of the bill of sale to her; that she paid no money therefor; that she did not give any note for the amount of the purchase money until more than a month after the date of the bill of sale, when she handed her brother-in-law her note for $1,000, payable to the Ryan Commission Company, one year thereafter; that there were no entries on the book of the Ryan Commission Company, nor on the books of the feed store after claimant took charge thereof, which showed the transaction of sale to her, or the reception of her note for the purchase money. Plaintiffs also gave evidence that at the time of these transactions three other

suits were pending against the Ryan Commission Company, and that its books showed a large indebtedness. The books of account kept by the claimant after the bill of sale to herself, exhibited circumstances unfavorable to the *bona fides* of the transaction.

On her behalf claimant testified that she knew nothing of the affairs of the Ryan Commission Company when the bill of sale was made to her; that she bought the property embraced therein in order to "make her living," and intended to pay the note given for the purchase price when it matured. She also claimed to be the owner of one hundred feet of ground in this city, but did not remember accurately what she paid for it, and although it had been in her name for several years, she had never paid any taxes thereon, for the reason that no bill had been presented to her. The court discarded the instructions requested by the parties and instructed the jury of its own motion, who thereafter returned a verdict that the property levied upon, at the time thereof, belonged to the Ryan Commission Company. A judgment in accordance was set aside on the ground that the verdict was against the weight of the evidence, from which ruling this appeal is taken by plaintiffs.

Trial courts have a large discretion in granting new trials for such reasons, the only limitation being that their discretion must not be abused. Parker v. Cassingham, 130 Mo. loc. cit. 350. It has been held that abuse of discretion in this respect should not be attributed to the trial court, if the whole evidence presents a substantial conflict. Bank v. Wood, 124 Mo. 72. In the case at bar while the testimony for plaintiffs afforded cogent evidence that the bill of sale to the claimant was a fraudulent contrivance for the use of the Ryan Commission Company (Hoffman v. Nolte, 127 Mo. 120), we are not willing to say that the

evidence sustaining this theory was so convincing as to exclude every rational inference to the contrary. We do think the facts and circumstances set forth in this record go to the verge of the law on this subject. As they do not, however, exclude all doubt as to the substantial conflict, we give the ruling of the court below the benefit of that doubt. The ruling awarding a new trial will therefore be affirmed. All concur.