## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

## OCTOBER TERM, 1901.

*(Continued from Volume 91.)*

## STATE ex rel. BELL STEWART, Appellant, v. JOHN TODD et al., Respondents.

**St. Louis Court of Appeals, January 21, 1902.**

1. **Discretion of Circuit Court:** PRACTICE, TRIAL. Where a trial court grants a new trial on discretionary grounds, its ruling will not be reversed unless an abuse of discretion appears.

2. ————: ORDER FOR NEW TRIAL. An order for a new trial, because the verdict is against the weight of evidence, is within the discretionary power of the circuit court.

3. ————: GROUNDS FOR NEW TRIAL: VERDICT: WEIGHT OF EVIDENCE. That a "verdict is against the evidence" or "should have been against plaintiff instead of against defendant" are grounds for new trial substantially the same as saying that the verdict is against the weight of the evidence.

Appeal from Louisiana Court of Common Pleas.—*Hon. David H. Eby,* Judge.

AFFIRMED.

Vol. 92 app—1 (1)

*W. A. Dudley* and *Pearson & Pearson* for appellant.

The law is well settled, that sureties on an official bond are liable for damages done by their principal, in color of office.    State ex rel. v. Edmunson, 71 Mo. App. 172; State ex rel. v. Ryland, 63 S. W. 819.

*J. W. Reynolds, E. W. Major* and *Frank J. Duvall* for respondents.

(1) Sustaining a motion for a new trial because the verdict is against the evidence, is a matter resting in the sound discretion of the trial court, and not subject to review by the appellate court.    McCullough v. Ins. Co., 113 Mo. 606; Chouquette v. Southern Electric Co., 152 Mo. 257; Haven v. Railroad, 155 Mo. 216.    And the appellate court will no more review the action of the trial court in passing on the weight of the evidence where the court has sustained a motion for a new trial, than where it overruled it.    Parker v. Cassingham, 130 Mo. 348; Bank v. Wood, 124 Mo. 72; Bank v. Armstrong, 92 Mo. 265; Kuenzel v. Stevens, 155 Mo. 280; Haven v. Railroad, 155 Mo. 216.    The appellate court will not review the action of the trial court on discretionary matters.    It is not the province of that court to weigh the evidence nor to substitute their discretion for the discretion of the trial court. Haven v. Railroad, 155 Mo. 216; Kuenzel v. Stevens, 155 Mo. 280.    The only exception to the above rule is where the trial court's ruling is arbitrary.    Should this be claimed in this case, or should it be claimed that the law authorizes the appellate court to review the action of the trial court to decide whether it exercised a sound judicial discretion as was held in the case of Merriam v. Railroad, 136 Mo. 145, then an investigation of the record will show that the verdict of the jury finding that the property in question was taken without authority; that it belonged to the plaintiff, and was of the value of $60;

was indeed supported only by the "plain and simple story of plaintiff" as stated in appellant's brief.    (2)    In this case plaintiff attempts to show that defendant Todd failed to perform some duty required of him as constable, by law, by claiming that he committed acts that were "unlawful and without authority of law," and which were in their nature and inception beyond and out of the line of his duties as constable.  The commission of the acts designated and complained of by the plaintiff do not show or tend to show that defendant Todd failed in any case to perform the duties required of him, by law, as a constable.   Nolley et al. v. Callaway County Court, 11 Mo. 447 ; State ex rel. v. Donough, 9 Mo. App. 63 ; Gerber v. Ackley, 37 Wis. 43 ; Serley v. Birdsall, 15 Johns. 272 ; Morlis v. Vanvost, 19 Wend. 284.

BARCLAY, J.—This is an action on the official bond of a constable.   Defendants are the principal and the sureties on the bond.

The substance of relator's charge is that the condition of the constable's bond has been broken by wrongful acts on his part in obtaining possession of certain animals belonging to the relator and converting them to his own use under pretense of enforcing an execution upon a judgment against relator's husband.

The answer of defendants set up several defenses which it will not be necessary to describe particularly.

A reply was filed by the plaintiff to the new matter in one of the answers.

The case was tried before Judge EBY and a jury.   The result was a verdict in favor of plaintiff with damages assessed at $60.

Defendants duly made a motion for a new trial which the trial court sustained on the following grounds:

"1.    That the court excluded legal and competent evidence offered by the defendant.

"2.    That the verdict is against the evidence.

"3.    That the verdict should have been against the plaintiff instead of against the defendant."

The reasons on which the new trial was granted were some of those assigned in defendant's motion therefor.

Plaintiff appealed from the order for a new trial.

I.    There is a distinct and decided conflict of evidence upon the issues raised by the pleadings. The ruling of the trial judge in granting the new trial on the second and third grounds assigned was plainly within his discretionary power to review the findings of fact upon such evidence, as has been held in several opinions of the Supreme Court of Missouri which we shall cite.

The third ground on which the learned trial judge based his last ruling amounts to a statement that the verdict was against the preponderance of evidence. An appellate court will not interfere with such a ruling unless there is an abuse of discretion therein. No such abuse appears in this instance. To say that "the verdict should have been against the plaintiff instead of against the defendant" is clearly a declaration of the court's opinion that the verdict is against the weight of the evidence. Thompson v. Railway Co., 140 Mo. 125.

II.    When a verdict is found to be "against the evidence" the finding has been held to amount to a ruling that the verdict is against the weight of the evidence, according to several expressions of opinion by the Supreme Court of this State. Bank v. Wood, 124 Mo. 72; Parker v. Cunningham, 130 Mo. 348; Haven v. Railway Co., 155 Mo. 216. That the action of a trial judge in passing upon the weight of evidence after verdict is one of the matters within his judicial discretion, is a proposition too well established to require discussion. Lockwood v. Ins. Co., 47 Mo. 50; Lawson v. Mills, 130 Mo. 170; Bemis Bros. Bag Co. v. Kehoe, 74 Mo. App. 627. The ruling under review, we take it, means that the learned

trial judge considered the findings of fact, expressed by the verdict of the jury, to be unwarranted by the evidence as a whole. He accordingly set the verdict aside.

There is no showing of any abuse of his discretionary power in so ruling.

The order granting a new trial is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.