SECRIST, Respondent, v. EUBANK, Defendant; EUBANK, Interpleader, Appellant.

**St. Louis Court of Appeals, January 19, 1904.**

1. **APPELLATE PRACTICE: Motion for New Trial: Reason for Sustaining Motion.** Where the order of the trial court sustaining a motion for new trial contains no statement of the grounds for it, as provided by section 801, Revised Statutes of 1899, the appellate court can not overrule such decision unless every assignment in the motion was without merit.

2. ————: ————: **Weight of Evidence.** Where a motion for new trial was sustained, with no reason stated for the ruling, and one assignment in the motion was that the verdict was against the weight of evidence, and where there was substantial evidence against the verdict, the ruling will be approved by the appellate court.

Vol 104 app—8

Secrist v. Eubank.

Appeal from Shelby Circuit Court.—*Hon. N. M. Shelton,* Judge.

AFFIRMED.

*Enoch M. O'Bryen* for appellant.

*J. D. Dale* and *G. W. Humphrey* for respondent.

GOODE, J.—The interpleader, Mrs. Fannie Eubank, appealed from an order of the circuit court setting aside a verdict in her favor and granting a new trial. The litigation is over a mare attached at the suit of the plaintiff as the property of the defendant Nelson Eubank, whose wife the interpleader is. She filed her verified petition or claim for the mare after the levy of the attachment, and a trial of her right to the property ensued in which she prevailed. A motion for new trial was made by the plaintiff and sustained. It assigned six reasons why a new trial should be granted, among which was one that the verdict was against the evidence. It appears to be taken for granted by appellant's counsel that the new trial was granted because no proof was made that the mare had been seized under the attachment writ, or withheld from appellant's possession, and his argument aims to convince us that the court erred in so holding. We would scarcely lay much stress on the omission to introduce the constable's return of the writ, showing a levy on the mare; for the case was tried by both sides on the assumption that the animal had been levied on and taken; and, besides, there was some testimony tending to prove the fact. The difficulty with the interpleader's appeal is that the order sustaining the motion for new trial contains no statement of the reason or ground on which the circuit court sustained it, as the statutes provided it should. R. S. 1899, sec. 801. We are, therefore, powerless to overrule that court's decision unless every assignment in the

motion was without merit.   But as to the verdict being contrary to the evidence or the weight of the evidence, it was the peculiar function of the trial court to decide, and we must defer to its opinion, if there was any substantial evidence against the interpleader's claim. State ex rel. v. Todd, 92 Mo. App. 1.   There was such evidence; principally in the form of statements made by her husband, tending to prove he owned the mare. Likely the testimony as to those statements was incompetent against the interpleader, if its admission had been opposed; but it was not, and having been admitted, was entitled to consideration.   The court below had a discretion to order a new trial on the ground that the verdict was against the weight of the evidence, and as that ground was assigned in the motion, we must approve the ruling and remand the cause to be retried.   *Bland, P. J.,* and *Reyburn, J.,* concur.