CARL LOWENSTEIN, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, March 5, 1906.

1. **TRIAL AND APPELLATE PRACTICE: New Trial: Weight of Evidence: Verdict: Contributory Negligence.** That a verdict is against the weight of evidence addresses itself particularly to the trial court which has more rightful power over verdicts than appellate courts; and on the evidence relating to contributory negligence in the record, the appellate court finds itself unprepared to reverse the trial court.

2. **NEGLIGENCE: Railroad Crossings: Instructions.** Various suggestions are made to sundry instructions relating to an injury received in driving over a railroad crossing.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

AFFIRMED.

*Martin L. Clardy* and *E. O. Brown* for appellant.

(1) There is nothing in the record to justify the granting of a new trial on any of the grounds set forth in the motion for a new trial. The verdict is sustained by the decided weight of the evidence. There was no substantial evidence to support the plaintiff's case, therefore, a verdict in his favor would have no legal basis upon which to rest. Under such circumstances it was not within the discretionary power of the trial court to grant a new trial. Fitzjohn v. Transit Co., 183 Mo. 78.

(2) There was no error in refusing plaintiff's refused instructions numbered 4 and 5, for the reason that there was no evidence in the case to support the giving of said instructions. Nixon v. Railway, 141 Mo. 438. (3) The instructions given for defendant state the law correctly and were properly given. These instructions leave the question of plaintiff's negligence to be determined as a fact by the jury. Fulks v. Railroad, 111 Mo. 335; Nixon v. Railroad, 141 Mo. 435-6; Montgomery v. Railroad, 109 Mo. App. 88.

*Perkins & Blair* for respondent.

Submitted an argument.

ELLISON, J.—This action is for personal injury alleged to have been received by plaintiff by falling from a wagon in attempting to drive over a crossing and it is here on second appeal. By reference to 110 Mo. App. 686, the nature of the case will be ascertained. The verdict in the second trial was for the defendant, and on motion for new trial it was set aside. The defendant appealed from that order.

The trial court sustained the motion generally, without specifying any particular reason. The motion contained a complaint that the verdict was against the weight of the evidence. That is a cause which addresses itself particularly to the trial court. It has more rightful power over verdicts attacked for that cause than has an appellate court, and unless we can discover an abuse of its discretion in that regard, we will not disturb its conclusion. In this case, the only substantial question, in reality, relates to the defense of contributory negligence and, on that head, we find ourselves not prepared to say that the court was without right to order a new trial. [Parker v. Cassingham, 130 Mo. 350; Bank v. Wood, 124 Mo. 72; Bemis Bros. v. Ryan, 74 Mo. App. 627; State ex rel. v. Todd, 92 Mo. App. 1.]

·But, aside from that consideration, there were some errors in instructions given for the defendant, which we feel afford ample justification for the court's order. Instruction numbered 6 erroneously required that plaintiff should "brace himself" as well as use reasonable care to prevent being thrown from the wagon as he passed over the crossing. The instruction should not have gone further than the word "hay" in the sixth line. The seventh instruction, in referring to the condition of the crossing, which it speaks of as being obvious to the plaintiff, should state such condition as the evidence showed it to be. That is, the excavated earth between the ties to a certain depth and filling in with gravel. It, furthermore, should not direct the jury peremptorily that such knowledge of the condition was sufficient warning of the danger in going over. Whether it was should ·be left to the jury. Instruction numbered 8 should be omitted. There is no necessity in telling the jury that plaintiff cannot recover on account of defendant failing to warn him of removal of the dirt from the crossing. Instruction numbered 10 is faulty in not stating the true condition of the crossing, as to which it submits plaintiff's knowledge. We think instruction numbered 11 should be omitted. It is much too argumentative in its phraseology. It might properly enough be submitted whether plaintiff drove diagonally across and, if so, whether that manner of driving was negligence..

Sixteen instructions were given for the defendant. While no rule can be laid down as to the exact number of instructions which should be given in a cause, yet, it is burdensome to a case and, doubtless, confusing to the jury to have to consider a much greater number than is necessary. In view. of the first instruction given for plaintiff, we do not see any harmful error in refusing his fifth.

The order granting new trial is affirmed. All concur.