CARL LOWENSTEIN, Respondent, v. THE MIS-
SOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, December 7, 1908.

1. RAILROADS: Private Crossing: Invitation: Business: Independent Contractor. The occupant of land is liable to those coming to it at his invitation, expressed or implied, on any business to be transacted with or permitted by him, for an injury occasioned by the unsafe condition of the land or the access thereto which is negligently suffered to exist; and this rule applies to employees of an independent contractor doing work upon a railroad's depot and station grounds. [Reaffirmed on motion for rehearing.]

2. ————: ————: ————: ————: Customer of Hay Barn. Under contract with a railroad A had a hay barn on the right of way for the purpose of buying and shipping hay over the road. B, a customer of the hay barn, while delivering hay, was injured by a defect in a private crossing maintained by the railroad over its tracks to the barn. *Held*, the defendant was liable for such negligence. [Reaffirmed on motion for rehearing.]

3. ————: ————: ————: ————: ————: Instructions. Instructions mentioned and approved.

4. TRIAL PRACTICE: Amendment: Continuance: Decision. *Held*, the court's decision in refusing a continuance and in permitting an amendment was not abused.

5. ————: Motion to Elect: Common Law: Statute. A motion to elect on the ground that the petition mingled common law negligence and a violation of the statute, is held to have been properly overruled, as also a motion to strike out.

6. TRIAL AND APPELLATE PRACTICE: Evidence: Objection: Instruction. Certain objections to the introduction of evidence made after its admission are held too late and not reviewable, since no instruction was asked withdrawing such evidence from the jury's consideration.

### On Motion for Rehearing.

7. APPELLATE PRACTICE: Change of Theory: Location of Barn. The rule that the appellant must try his case on the same theory in courts above and below is applied to the question of whether a barn was situated on the appellant's right of way.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs*, Judge.

AFFIRMED.

*Martin L. Clardy* and *Edw. J. White* for appellant.

(1) The court erred in overruling the motion to compel plaintiff to elect on which cause of action set up in the petition he would go to trial. R. S. 1899, secs. 1103, 9554; Clancy v. Transit Co., 192 Mo. 640; McHugh v. Railroad, 190 Mo. 85; Behen v. Railroad, 186 Mo. 430. (2) The court erred in overruling the defendant's motion to strike out parts of the plaintiff's petition. Low-

enstein v. Railroad, 110 Mo. App. 689. (3) The court erred in admitting improper and illegal evidence on the part of the plaintiff, over the defendant's objections and exceptions. Strohm v. Railroad, 96 N. Y. 305; Ford v. Kansas City, 181 Mo. 143; Seckinger v. Manufacturing Co., 129 Mo. 590; Dickson v. Hollister, 123 Pa. St. 521. Goss v. Railroad, 50 Mo. App. 614; Telephone Co. v. Bennett (N. J.), 5 Am. Neg. Rep. 657; Roche v. Railroad, 105 N. Y. 294, 11 N. E. 630; Kennedy v. Railroad, 130 N. Y. 654, 29 N. E. 141; Winter v. Railroad, 74 Iowa 448, 38 N. W. 154; Leahy v. Railroad, 97 Mo. 165; Taylor v. Railroad, 48 N. H. 304. Lowenstein v. Railroad, 110 Mo. App. 689; Nash v. Dowling, 93 Mo. App. 164; Madden v. Railroad, 50 Mo. App. 666; Gutridge v. Railroad, 94 Mo. 468; Haviland v. Railroad, 172 Mo. 115; Traber v. Hicks, 131 Mo. 186; 1 Enc. Pl. and Pr., pp. 585, 586; Chitty v. Railroad, 148 Mo. 64; Mann v. Railroad, 86 Mo. 347; Traux v. Railroad, 83 Wis. 547, 53 N. W. 842; 3 Elliott on Railroad, secs. 1146, 1151. (4) The court erred in refusing the demurrer, asked at the close of the plaintiff's case and again at the close of the whole case. 3 Elliott on Railroad, secs. 1146, 1151; Mann v. Railroad, 86 Mo. 347; Straub v. Soderer, 53 Mo. 38; Parney v. Railroad, 126 Mo. 389; Wenecker v. Railroad, 169 Mo. 599; Carr v. Railroad, 195 Mo. 225; Gunderman v. Railroad, 58 Mo. App. 370; Glaser v. Rothschild, 106 Mo. App. 418; Graemlich v. Railroad, 9 Phila. (Pa.) 78; Railroad v. Stamps, 26 Ill. App. 219; Ferguson v. Railroad, 13 Nev. 184; Donnelly v. Railroad (Mass.), 42 Am. & Eng. R. Cas. 182; Wright v. Railroad (Mass.), 28 Am. & Eng. R. Cas. 652; Cusick v. Adams (N. Y.), 21 N. E. 673; Williams v. Nashville (Tenn.), 63 S. W. 231; Lochat v. Lutz (Ky.), 22 S. W. 218; Bennett v. Butterfield, 70 N. W. 410; Blackstone v. Co. (Mass.), 49 N. E. 635; Beehler v. Daniels & Co., 27 L. R. A. 512; Redigan v. Railroad (Mass.), 28 N. E. 1134, 14 L. R. A. 276; Reardon v. Thompson, 149 Mass. 267; Manning v. Railroad, 16 L. R. A. 271; De La Pena v.

Railroad (Tex.), 74 S. W. 58; Muench v. Heineman
(Wis.), 96 N. W. 800; Bentley v. Loverock, 102 Ill. App.
166; Sterger v. Van Sticklen, 132 N. Y. 499; Bensen v.
Baltimore Tr. Co., 77 Md. 535; Sweeney v. Railroad, 10
Allen 368; Traux v. Railroad, 83 Wis. 547, 53 N. W. 842.
(5) The undisputed evidence showed that plaintiff was
guilty of contributory negligence, in drawing onto a
private crossing he knew had been repaired by putting
soft gravel in between the rails while sitting astride a
bale of hay, on a load five bales high, and driving onto
the crossing of the railroad track, with his wagon on an
angle, leaning over and watching the wheels, instead of
his team. Meyers v. Railroad, 103 Mo. App. 268; Madi-
son v. Railroad, 60 Mo. App. 599; Nixon v. Railroad,
141 Mo. 426, 438; Shonhoff v. Railroad, 97 Mo. 152. (6)
The court erred in giving improper instructions to the
jury, at the instance of the plaintiff. Mammerberg v.
Railroad, 62 Mo. App. 563; Stoetzle v. Swerigen, 96 Mo.
App. 592; Brake v. Kansas City, 100 Mo. App. 611;
Haworth v. Railroad, 94 Mo. App. 216; Dunn v. Rail-
road, 21 Mo. App. 188; Morrison v. Yancey, 23 Mo. App.
670; O'Brien v. Loomis, 43 Mo. App. 29; Watson, Dam.
Per. Inj., sec. 486; Wallace v. Tr. Co., 123 App. 161.
(7) The court erred in refusing proper instructions
asked by the defendant. Mammerberg v. Railroad, 62
Mo. App. 563; O'Brien v. Loomis, 43 Mo. App. 29;
Mann v. Railroad, 86 Mo. 347; Straub v. Soderer, 53
Mo. 38; Wenecker v. Railroad, 169 Mo. 592; Carr v.
Railroad, 195 Mo. 214; Gunderman v. Railroad, 58 Mo.
App. 370; Glaser v. Rothschild, 106 Mo. App. 418. (8)
The court erred in permitting the petition to be amended,
at the close of the whole case, to conform the pleading
to proof that was incompetent, when offered and which
was objected to. 1 Enc. Pl. and Pr., pp. 585, 586; Beard
v. Tilghman, 66 Hun 12; Wheaton v. Voorhis, 53 How.
Pr. 319; Southwick v. Bank, 84 N. Y. 420; Cunningham
v. Hobart, 7 Gray (Mass.) 423; Seymour v. Fisher,
16 Colo. 188; Railroad v. Bunnell, 61 Ind. 183; Wilson

v. Russler, 91 Mo. App. 275; Brooks v. Blackwell, 76 Mo. 274; Chitty v. Railroad, 148 Mo. 64. (9) The court erred in refusing the defendant a continuance, after the amendment at the close of the whole case and the discharge of the witnesses, upon the affidavit of surprise filed by its counsel. Scovill v. Glasner, 79 Mo. 449; Maloney v. Building Assn., 57 Mo. App. 384; Sims v. Field, 24 Mo. App. 557; Phillipps v. Broughton, 30 Mo. App. 148; Heman v. Glann, 129 Mo. 325; Clark v. Railroad, 127 Mo. 255; Purdy v. Pfaff, 104 Mo. App. 331; Pruett v. Warren, 71 Mo. App. 84; R. S. 1899, sec. 798.

*Perkins & Blair* for respondent.

Appellants first and second assignments of error are without merit. Tetherow v. Railroad, 98 Mo. 84. (3) It was not error for the court to permit plaintiff to exhibit his crippled physical condition to the jury. Tetherow v. Railroad, 98 Mo. 84. (4) Under this state of facts the plaintiff was "engaged with the consent of the company in a transaction of common interest to both" and defendant owed plaintiff the duty of maintaining its grounds and crossings in a reasonably safe condition. Moore v. Railroad, 84 Mo. 487; Carleton v. Iron Co., 99 Mass. 216; Sweeney v. Old Colony Rd., 10 Allen (Mass.) 368; Railroad v. Hanning, 15 Wall. (U. S.) 649; Bennett v. Railroad, 102 U. S. 577; Swords v. Edgar, 59 N. Y. 28; Welch v. McAllister, 15 Mo. App. 497; O'Donnell v. Patton, 117 Mo. 18; Eisenburg v. Railroad, 33 Mo. App. 85; Wheeler v. Railroad, 66 Mo. App. 260; Sherm. & Redf., Negl. (5 Ed.), par. 704; Holmes v. Railroad, L. R. Ex. 259; Nave v. Fleck, 46 Am. Rep. 207; Thompson Negligence (2 Ed.), pars. 1012, 1013, and numerous cases cited; Campbell v. Boyd (N. C.), 43 Am. Rep. 740; Graves v. Thomas (Ind.), 48 Am. Rep. 727; 1 Thompson, Negligence (2 Ed.), pars. 978, 979; Wendell v. Baxter, 78 Mass. 494. This rule applies to draymen. Railroad v. Ives, 12 Ind. App. —; Kenney v. Railroad, 105 Mo. 285; Huhn v. Railroad, 92 Mo. 440;

Mauerman v. Siemerts, 71 Mo. 101; Lowenstein v. Railroad, 110 Mo. App. 636; Lowenstein v. Railroad, 117 Mo. App. 371. (5) The amendment was not material, nor was it necessary; but it certainly was permissible. R. S. 1899, secs. 656, 657; Carr v. Moss, 87 Mo. 447.

ELLISON J.—This action is for personal injury received by plaintiff. He recovered in the trial court. The case was here on two former appeals. [110 Mo. App. 686, and 117 Mo. App. 371.]

The defendant maintains a private crossing over its track near its depot in the village of Jasper through which its road runs. The crossing is maintained as a means of access to defendant's depot grounds by persons having business connected with its occupation as a transportation corporation. There is a hay barn and an elevator on its right of way near the depot, owned and operated by a private party. This person buys hay and grain which is delivered to the barn for the purpose of shipment over its road. It was not shown, in terms, by what arrangement with the owner the defendant permitted the barn and elevator to be built and maintained on its right of way. But the fact was shown that these structures are permitted to be there and that hay and grain is bought and delivered to the warehouse and thence shipped out over the road.

The crossing is so situated that the approach thereto is not so that the wheels of a vehicle would strike it squarely, but at an angle, one wheel at a time. Plaintiff's hay was baled and had been sold to the warehouse and on the day of his injury he had hauled a load to the warehouse over the crossing in question. He then went back to his farm for another load. While gone, defendant's servants dug the solid dirt out of the crossing to a depth of twelve or fifteen inches, down to the lower side of the ties, and filled in with loose gravel. After this reconstruction plaintiff returned with his second load and was sitting on the top of the highest bale. In at-

tempting to drive over the crossing the front wheel or wheels of the wagon on passing over the iron rail of the track immediately dropped or sank into the loose gravel to a depth of about twelve inches, the effect of which was to throw plaintiff from his seat to the ground, whereby he was severely and permanently injured.

The foregoing, while not complete in detail, is a statement of what the evidence in plaintiff's behalf, in substance, tended to prove.

It is defendant's contention that it did not owe any duty to plaintiff. That plaintiff did not bear such relation to defendant that would create a duty to him with reference to the crossing. The amended petition alleges that plaintiff was hauling to "the hay barn of J. P. Leiss to be loaded on the defendant's cars by said Leiss and transported by said Leiss over the defendant's railroad." The evidence tended to show that the hay so delivered by plaintiff was shipped out over defendant's road. It is the law, as contended by defendant, that the duty to one having business relations with a carrier at its depot is greater than to one who goes upon the platform or grounds from curiosity or personal convenience without business connected with the carrier's business or some duty calling them to such place. And it is said that unless there is some such relation the carrier is only liable for defects "in the nature of traps." But if the person injured is on the carrier's ground on the carrier's business, or on business with those who are engaged in business with the carrier, the latter is liable. [Moore v. Railway, 84 Mo. 481; O'Donnell v. Patton, 117 Mo. 13; Archer v. Railway, 110 Mo. App. 349; Brock v. Transit Co., 107 Mo. App. 109; Miller v. Peck Dry Goods Co., 104 Mo. App. 609; Kean v. Schoening, 103 Mo. App. 77; Shaw v. Goldman, 116 Mo. App. 332.] In Carleton v. Franconia Iron Co., 99 Mass. 216, it was said ( italics ours) that "The owner or occupant of land is liable in damages to those coming to it, using due care, at his invitation or inducement, express *or implied,*

on any business to be transacted with or permitted by him, for an injury occasioned by the unsafe condition of the land or the access to it, which is known to him and not to them, and which he has negligently suffered to exist and has given them no notice of." And so it is stated that the owner of premises owes to the employees of his customer coming upon his premises to do business for their employer, the same duty he would owe to the employer himself. [1 Thompson, Neg., secs. 978, 979.] That author further states "It is almost universally held that if an independent contractor brings third persons, his own employees, to assist him in executing a contract for work upon depot and station grounds and switches, such persons are presumably upon the premises by invitation of the railroad company and it owes them the same measure of care to the end of promoting their safety that it owes to the contractor himself—and this although no contractual relation exists between the railroad company and the employee." [*Ibid*, secs. 978, 979.] In this case, the plaintiff was only removed in one degree from direct business relation with defendant. He was engaged in hauling hay to the barn on defendant's premises owned by a person who was defendant's patron and which was to be shipped over defendant's road by such patron, and we have no doubt that such relation existed between plaintiff and defendant to render the latter liable for negligence in the maintenance of its grounds and approaches thereto.

We have examined the record as to defendant's negligence and the charge of plaintiff's contributory negligence and think it clear that both were questions for the jury.

There were a large number of instructions asked by defendant. Of these ten were given and eight refused. Those given embraced every proper hypothesis in defendant's behalf and those refused were either covered by those given or were not proper declarations under the evidence. Several singled out parts of plaintiff's con-

duct in driving across the track and pronounced it contributory negligence. A full consideration of all the evidence on this head has convinced us that the trial court's view was correct in leaving all the evidence in that connection to the jury.

Nor do we deem the criticism of instructions for plaintiff as well made. The first instruction came within the charge of the petition. The third was unobjectionable. The jury had the evidence as to plaintiff's injury and its extent and it was proper to submit to them the question of such injury impairing his capacity to perform labor, in connection with the amount of damages which should be allowed. The evidence showed that he did labor and what he earned.

Objection was made to the amendment of the petition and to the refusal of a continuance on the ground of surprise. There was nothing improper in this. At least nothing appears to show an abuse of the discretion which trial courts necessarily have in such matters. The amendment of the petition so that it might conform to the proof made, is especially allowed by the statute.

In stating his case and the nature of the crossing maintained where he was injured, plaintiff alleged in his petition the width of the crossing and defendant's duty to keep it reasonably safe, so that persons having business thereon with defendant, etc. It seems to have been the idea of defendant that there was charged a neglect to perform the statutory duty as to maintenance of crossings by railway companies and also common law negligence in not having a crossing in such safe condition as to permit persons safely to transact business with the company. In this view a motion was made to require plaintiff to elect on which cause of action he would proceed. The motion was overruled and defendant complains thereat. We do not regard the petition as stating anything concerning defendant's statutory duty as to crossings. Defendant draws an unwarranted inference from the language used. The petition merely stated

the condition of the crossing as it existed and its connection with its repair and plaintiff's injury in driving over it.  The point is not well made.

Neither was there any error in refusing to strike out portions of the petition.

Defendant further contends that evidence was admitted which was improper.  We think there is no substantial ground for this.  A physician testified that the sunken condition of plaintiff's hip was due to his injury; and this was not contradicted.  In this connection the hip was shown to the jury and defendant made no objection thereto until after the exhibition had been made. It was then a useless objection since the exhibit was in and could not be stricken out except by instruction that it was not to be considered.  So plaintiff was asked to walk across the floor in presence of the jury.  No objection was made and he did so.  Then defendant objected. The objection was too late as the act had been performed.  Defendant did not ask an instruction withdrawing either of these matters.

We have examined the whole record and fail to find any legal ground for disturbing the judgment, and hence it is affirmed.  All concur.

## ON REHEARING.

JOHNSON, J.—It is contended by defendant in its motion for rehearing that the statement in the foregoing opinion that the hay barn is located on defendant's right of way is unsupported by any evidence.  No witness testified to the exact position of the barn and a plat introduced in evidence by defendant shows it was outside the right of way.  A plat introduced by plaintiff and sufficiently verified by his evidence indicates that the barn was on the property of defendant.  In its statement of facts filed in this court, defendant described the building as "being located on the defendant's right of way"

and in its brief said: "The court permitted plaintiff to go entirely outside this allegation and establish that he was hauling hay to a Mr. Leiss who worked for a man who maintained a hay barn on the defendant's right of way." These admissions demonstrate that defendant tried the case in the circuit court on the theory that the barn was on the right of way. Defendant is bound by this theory and will not be permitted to change front in the appellate court.

"In this case, plaintiff was only removed in one degree from direct business relation with defendant." Counsel for defendant take this sentence from the opinion and, in effect, construe it into meaning that plaintiff was removed in one degree from the person to whom defendant owed the duty of maintaining the crossing in repair. Thus interpreted, counsel argue that the opinion is in direct conflict with the following decisions of the Supreme Court. [Wencker v. Railroad, 169 Mo. 592; Mann v. Railroad, 86 Mo. 347; Carr v. Railroad, 195 Mo. 214.] Neither standing alone nor with its context is the sentence quoted susceptible of the construction placed on it by defendant. It says, in substance, that defendant had no direct business relation with plaintiff, but the controlling idea expressed in the opinion is that the existence of such relation was not indispensable to the existence of a duty from defendant to plaintiff. We thought and still think the facts of the present case call for the application of the rule stated by the Supreme Court in this excerpt from the opinion in Moore v. Railway, 84 Mo. 481: "These facts would seem to bring this case within the rule founded in justice and necessity and illustrated in many adjudged cases that where one is not a mere licensee, but engaged with the consent of the railway company in a transaction of common interest to both, and is injured by a failure of the company to maintain its grounds and crossings and depot in a reasonably safe condition, the railway would be liable."

The crossing in question was put in for the direct benefit of defendant's business. The proprietor of the hay barn was engaged in the business of collecting hay from the farmers in the surrounding country and shipping it over defendant's railroad. Defendant knew when it built the crossing that it would be used chiefly by farmers hauling hay to the barn and that such use would be for the common interest of farmer and railroad. The former would sell his hay and the latter would profit by hauling it. By implication, defendant invited plaintiff to use that crossing and the invitation carried with it the duty to exercise reasonable care to maintain it in a safe condition for such use.

The Supreme Court cases cited in defendant's motion for rehearing are not out of harmony with the rule applied. In none of them was the person injured engaged in a transaction for the common benefit of himself and the railroad company. His position was not that of a person invited on the premises of the company to transact business for its profit, but was that of a mere licensee.

We readopt the foregoing opinion and affirm the judgment. All concur.