JOSEPH F. DICKMANN, Appellant, v. LOUIS H. HESPOS, Respondent.

**St: Louis Court of Appeals, July 20, 1909.**

1. NEW TRIAL: No Ground Assigned: Presumptions. Where the appeal is from an order granting a new trial, which does not assign the ground therefor, every presumption should be indulged in favor of the action of the trial court in granting the new trial; and if its action can be sustained on any ground stated in the motion, it will be affirmed.

2. ———: ———: Verdict Against Weight of Evidence. One of the grounds of the motion for new trial was "that the verdict was against the weight of the evidence." The court sustained the motion, without assigning any reason therefor. *Held*, that, for aught this court knows, the trial court was of opinion that each and every ground assigned in the motion was well taken, and that, by said order, the trial court affirmed that, in its opinion, the verdict of the jury was against the weight of the evidence.

3. ———: Verdict Against Weight of Evidence. Where the verdict is set aside for the reason it is against the weight of the evidence, the order should be affirmed, if there is substantial evidence to establish a theory of the case contrary to the verdict.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. E. Withrow,* Judge.

AFFIRMED.

*J. C. Shaner* and *E. N. Robinson* for appellant.

*S. P. Bond* for respondent.

Where the motion for a new trial sets out that the verdict is against the weight of the evidence (as it does in this case), and the court grants a new trial without stating its grounds (as it did in this case), the appellate court will presume that the court awarded the new trial on that ground. Willard v. Car Co., 130 Mo. 529; Bank v. Wood, 124 Mo. 76; Hewett v. Steel, 118 Mo. 474.

NORTONI, J.—In this action, plaintiff, a real estate agent, seeks to recover commissions alleged to have accrued to him on account of real estate sold. On a trial before the jury in the circuit court, plaintiff recovered. Afterwards, the court sustained defendant's motion and granted a new trial. Plaintiff prosecutes the appeal from the order of the court granting the new trial.

The evidence is more or less conflicting on the material issues involved. Indeed, there is substantial proof in the record tending to support the defendant's theory that the plaintiff has no claim whatever against him. Although our statute (sec. 801, R. S. 1899, sec. 801, Mo. Ann. St. 1906), directs the court to enter of record the grounds on which every new trial is granted, this rule was not observed in the present instance. The fact is, the court merely sustained defendant's motion to that effect and granted a new trial thereon. For aught we know, it was of opinion that each and every ground assigned in the motion therefor was well taken. It is the rule, where the appeal is from an order granting a new trial and the court has sustained a motion therefor and granted a new trial without assigning a reason of record, to indulge every presumption in favor of the action of the court in that behalf. Therefore, if the action of the court in granting a new trial may be sustained upon any of the grounds alleged in the mo-

tion, the judgment should not be reversed.  [First Natl. Bank v. Wood, 124 Mo. 72; Hewitt v. Steel, 118 Mo. 463.]  Among others, one of the grounds set forth in the motion for new trial and upon which the new trial was urged, is that: "Because the verdict is against the weight of the evidence."  Now, by sustaining this motion and granting the new trial thereon, without assigning any special reason therefor, the trial court affirmed that in its opinion, the verdict of the jury was against the weight of the evidence in the case.  The law affixes the duty upon the trial court to supervise the verdict of the jury.  It is the peculiar function of that tribunal to pass upon and decide as to whether or not the verdict is supported by or contrary to, the evidence.  That the action of the trial judge in passing upon the weight of the evidence after the verdict is rendered, is one of the matters within his judicial discretion, is a proposition too well established to require discussion.  [First Natl. Bank v. Wood, 124 Mo. 72; State ex rel. Stewart v. Todd, 92 Mo. App. 1; Secrist v. Eubank, 104 Mo. App. 113.]  It has been many times decided in this State that the discretion of the trial judge in thus supervising the verdict by either sustaining or overruling the motion for new trial on the ground that it is either supported by or is against the weight of the evidence, will not be reviewed by the appellate court, unless it appears the discretion of the court has been abused or exercised in an arbitrary manner.  Indeed, where the verdict is set aside, as in this case, for the reason that in the opinion of the court it is contrary to the weight of the evidence, the judgment should always be affirmed if there is substantial evidence in the record tending to establish a theory of the case contrary to the verdict.  [First Natl. Bank v. Wood, 124 Mo. 72, 76, 77; Secrist v. Eubank, 104 Mo. App. 113; Railroad v. Armstrong, 92 Mo. 265, 280; State ex rel. Stewart v. Todd, 92 Mo. App. 1; Thompson v. Railway, 140 Mo. 125; Taylor v. Railway, 163 Mo. 183.]

We find the evidence in the record to be more or less conflicting. As stated before, there is substantial proof tending to support the theory of the case presented by the defendant. It is obvious that the court did not abuse its discretion in granting the new trial, and the judgment therefore should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Goode, J.,* concur.