W. A. WOODS, Appellant, v. THE MISSOURI PA-
CIFIC RAILWAY COMPANY, Respondent.

**Kansas City Court of Appeals, July 9, 1910.**

1. **RAILROADS: Licensee Injured on Premises.** A railway com-
pany is not liable in damages for injuries received by one who
goes upon the company's property, as a matter of convenience,
to deliver stock to a third person at the stock pens of the com-
pany. He is a mere licensee, and the company owes him no
duty except to keep the premises free from defects in the nature
of traps.

2. ————. A. was injured, while delivering stock to B. at the stock
pens of C., a railroad, by the falling of a large, heavy gate, to
one of said pens, which was out of repair from decay and neg-
lect. *Held*, that, in the absence of proof, that A. was on C's
premises for the transaction of business with C., or in which C.
had an interest, he was a mere licensee and could not recover.

Appeal from Bates Circuit Court.—*Hon. C. A. Denton,*
Judge.

AFFIRMED.

*Silvers & Silvers* and *Silvers & Dawson* for appel-
lant.

(1) Plaintiff was in the stockyards of defendant
delivering property that he had sold to one C. L. Smith,
and which was to be shipped by Smith from the stock-
yards over defendant's road. Acting under Smith's di-
rection plaintiff was putting the property into a particu-
lar pen when in the act of opening a gate, leading to such
pen, he was injured. Plaintiff was thus engaged in a
transaction in which he, Smith, and defendant were in-
terested. He was lawfully on defendant's premises
under an implied invitation to the public to deliver stock
there for defendant's convenience and profit. Under
such circumstances it was defendant's duty to keep the
gate in repair and reasonably safe, or to warn customers

of the danger if the gate was out of repair or unsafe. A failure to do this was negligence on part of defendant. O'Donnell v. Patton, 117 Mo. 18; Welch v. McAlister, 15 Mo. App. 492; Kean v. Schoening, 103 Mo. App. 77; Carraway v. Long, 7 Mo. App. 595; Brock v. Transit Co., 107 Mo. App. 116; Lowenstein v. Railroad, 134 Mo App. 30; Moore v. Railroad, 84 Mo. 481; Archer v. Railroad, 110 Mo. App. 349; Carlton v. Iron Co., 99 Mass. 216. (2) The defendant having constructed and maintained stockyards upon his premises did so for its own benefit and where a benefit accrues or is supposed to accrue an invitation to enter upon the premises exists. 29 Cyc. 454; Plummer v. Dill, 156 Mass. 426; Railroad v. O'Malley, 107 Ill. App. 599. (3) The plaintiff being upon defendant's premises for a purpose connected with defendant's business, he was not a mere licensee.

*Robert T. Railey* and *Scott & Bowker* for respondent.

In this case the respondent was not at the respondent's stockyards upon any invitation, expressed or implied from the respondent, neither was he transacting any business with the respondent, but was there simply for his own convenience and that of his vendee, C. L. Smith. At most, he was a mere licensee and the respondent owed him no duty, except not to wantonly injure him or lay any trap for him. Wencker v. Railroad, 169 Mo. 592; Mann v. Railroad, 86 Mo. 347; Carr v. Railroad, 195 Mo. 214; Glaser v. Rothschild, 106 Mo. App. 418; 3 Elliott on Railroads, sec. 1250; White, Personal Injuries on Railroads, secs. 859, 860, 861, 862, 863, 870, 871, 872.

JONHSON, J.—This is a suit for damages for personal injuries alleged to have been caused by the negligence of defendant. The trial court sustained a demurrer to the evidence and the cause is here on the appeal of plaintiff. The injury occurred at the live stock

pens maintained by defendant at Foster, a station in Bates county on the Madison branch of defendant's railroad. The pens were on the station grounds, were in charge of the station agent, and were used in the shipment of live stock over defendant's railroad. A Mr. Smith, a shipper, was using the pens on the day of plaintiff's injury, for a shipment of live stock he intended to make and, afterwards, did make from that station. While his stock was in the pens, plaintiff attempted to deliver to Smith two hogs and a calf which he had sold and agreed to deliver to defendant's pens on that day. The evidence fails to show the kind of live stock Smith included in his shipment and it does not show that the stock sold by plaintiff was a part of the shipment or was bought by Smith for shipment over defendant's railroad. One of the inner gates of the pens, a tall, heavy, unwieldy gate, was out of repair from decay and neglect and while plaintiff was attempting to open it for the purpose of driving the stock into one of the pens, the gate fell and broke one of his legs.

As stated, the cause of action alleged in the petition is negligence of defendant and for present purposes we shall concede that had plaintiff been on the premises by the express or implied invitation of defendant, his evidence would be sufficient to support the charge that the proximate cause of his injury was the negligence of defendant in permitting the gate to remain in a defective and dangerous condition. This concession, which is made *arguendo*, reduces the debatable ground of the case to a single question, *viz*: Was plaintiff, at the time of his injury, on the premises as an invitee or as a mere licensee of defendant? If he was there by express or implied invitation, the duty owed him by defendant called for the exercise of reasonable care to keep the premises in a reasonably safe condition for his use, but if he was there as a mere licensee, he took the place as he found it and defendant owed him no duty except that of keeping the premises free from defects "in the

nature of traps." [Lowenstein v. Railroad, 134 Mo. App. 24.]

To state it differently, the duty of the landowner to a licensee is not that of reasonable care, but requires of him only that he shall not wantonly or willfully injure the licensee. It is not claimed that plaintiff went on the premises to transact business with the defendant, but it is claimed that he was there in a contractual relation with Smith, who was using the place as the invitee of defendant in the transaction of business he had with defendant. If plaintiff had shown that his presence in the pens had any connection with business being conducted between Smith and the railroad company of common interest to both, we would say that he was there as the invitee of the railroad company. The case of Lowenstein v. Railroad, supra, and the cases there referred to would be adequate authority for such conclusion. But the difficulty of plaintiff's position here is that his evidence does not show that he was there in the transaction of business of any interest to defendant. For aught disclosed, he went to the pens about business of no concern to anyone but himself and Smith, his vendee. The burden was on him to prove that he was an invitee and, since he had no direct business with defendant, it devolved upon him to show that his business with Smith was of some substantial interest to defendant. This would have appeared from evidence that the stock being delivered by plaintiff was purchased for shipment over defendant's railroad. No such evidence was offered and the inference that the stock sold by plaintiff was not intended for shipment and that the pens of defendant were selected merely as a convenient place for delivery is just as reasonable as would be the conclusion that the stock was being delivered for shipment over defendant's road. Indeed, after the sufficiency of plaintiff's evidence was challenged by demurrer, his failure even to offer to prove that defendant had an interest in the delivery of the stock amounted to a con-

fession that it had no such interest. The evidence left plaintiff in the situation of a mere licensee and, since it is not and could not be, contended that defendant was guilty of any breach of duty to him as such licensee, it follows that the learned trial judge did not err in sustaining the demurrer to the evidence.

The judgment is affirmed. All concur.